NORRIS, CALDWELL & CO. *v.* BEAN *et al.*

Decided April 30, 1881.

*1881
Spring
Special Term.*

*Norris, Caldwell
& Co.
v.
Bean et al.*

1. A judgment-creditor may sue in equity to enforce his lien on his judgment-debtor's lands for himself and all other judgment-creditors of his debtor, other than those made defendants in his bill. See *Neely* v. *Jones.* 16 W. Va. 625.

2. The necessary parties defendant in such a bill are :

   I. The judgment-debtor himself.

   II. The trustees in all deeds of trust on the judgment-debtor's lands sought to be subjected to the payment of judgment-liens.

   III. If the deeds of trust are deeds to secure the payment of a limited number of debts, then the *cestuis que trust* in these deeds including not only the parties, to whom the debts secured are due, but also all the obligors in these debts, if there be any other obligor than the grantor or judgment-debtor, and if the trusts are of different character, then all the *cestuis que trust* in them, unless from their indefinite description or some other good reason they would not all be made defendants in any suit in equity brought by an adverse claimant against the trustee respecting the trust-property.

   IV. All the several plaintiffs as well as all the several defendants in all judgments in the courts of record in the counties, in which the lands sought to be subjected lie, which have been rendered against the judgment-debtor alone or the judgment-debtor and other defendants jointly, and also all the plaintiffs and all the defendants in any such judgments, whether rendered by courts of record or by justices in any part of the State, which have been docketed on the judgment-lien docket of said county or counties. See *Neely* v. *Jones,* 16 W. Va. 625.

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

V. Any other party, who according to the general rules of equity in the particular case has such a direct interest in the subject-matter or object of the suit, as would render it necessary, that he should be made a defendant to the suit, as for instance the transferee or other owner of any debt secured by a deed of trust on any part of the real estate sought to be subjected to the payment of the judgment-debts.

3. If the plaintiff however should omit to make any or all of the parties named in the fourth class above named defendants but whom the court has afforded an opportunity to have their debts audited by directing them to be called before a commissioner to audit their debts, and such call has been duly published and no objection has been made to their being thus informally made parties in the court below, till after a decree is rendered, such decree would not be reversed in the Appellate Court for the failure of the plaintiff to make all or any of the fourth class above named formal defendants in the bill. See *Neely* v. *Jones*, 16 W. Va. 625.

Appeal from and *supersedeas* to a decree of the circuit court of the connty of Hardy, rendered on the 14th day of September, 1877, in a cause in said court then pending, wherein Norris, Caldwell & Company were plaintiffs and Johnson Bean and others were defendants, allowed upon the petition of George Bean for use of T. J. Grove.

Hon. John Blair Hoge, judge of the third judicial cirquit, rendered the decree appealed from.

GREEN, PRESIDENT, furnishes the following statement of the case :

The statement of the case made by the appellant in his petition for an appeal with slight modifications will suffice for the understanding fully of the opinion in this case. It is as follows :

"IN THE CIRCUIT COURT OF HARDY COUNTY :

"The bill in this cause was filed at the March rules, 1860, by Norris, Caldwell & Co., in which it is alleged, that at the March term, 1859, of the county court of Hardy county, the complainants had obtained a judgment at law against the defendant, Johnson Bean, for the sum of $447.79, with interest thereon from the 21st day of Oc-

tober, 1857, until paid, $2.73 charges of protest, and $7.19 costs of suit; and exhibit 'A' is filed as showing such judgment. Exhibit A is as follows:

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

"Exhibit 'A.'

"(From- Rule Book.)

' "Office judgments confirmed March court, 1859.— *Norris, Caldwell & Co.* v. *Johnson Bean.*—Judgment.

' "Teste :       - Rob't J. Tilden, *C. H. C.'* "

"To this is added a statement by the said clerk showing when March court, 1859, commenced and when it ended.

"The bill further alleges, that execution issued on said judgment and was returned, 'no property found,' and that the judgment had been entered on the judgment-lien docket of said county. A copy of the execution and also a copy of the said entry on the lien-docket purport to be filed as exhibits 'B' and 'D,' respectively.

"The bill further alleges, that said Bean has title to certain lands in said county therein set forth; that on the 24th day of January, 1860, said Bean had conveyed said land to Cyrus Welton in trust to secure a debt to Isaac Shobe, and on the —— day of January, 1860, had made a further conveyance thereof to W. F. Pifer to secure a certain debt to Christopher Armentrout, and also one to Aaron Armentrout. No judgment-lien other than the one aforesaid is shown by said bill. The prayer of the bill is, that the said lands, or so much thereof as may be necessary, may be sold to satisfy said judgment. Copies of said deeds of trust are filed with the bill.

" At the same rules process was returned executed on all the defendants except Hiram Armentrout, executor of Christopher Armentrout, and Aaron Armentrout.

" At the May rules, 1860, process was returned executed on said executor, but no process has ever been served on Aaron Armentrout, and he has never appeared in the cause.

" At the April term, 1860, the court decreed a reference to commissioner Lobb for a report of the liens on the said lands, their priorities, &c.

83

"At the September term, 1867, commissioner Lobb filed his report purporting to give the liens on said lands, their priorities, &c., which report was confirmed by the court, and a sale of the lands ordered.

." At the September term, 1870, the court referred the cause to commissioner Randolph, with instructions to ascertain and report the liens against said lands and their priorities.

"At the April term, 1871, commissioner Randolph filed his report, which was confirmed by the court, and a sale of the land was again decreed, with instructions to the commissioner of sale out of the proceeds thereof to pay off and discharge the liens as shown by said report of commissioner Randolph. June 9, 1871, said last mentioned decree was amended so as to authorize the commissioners of sale to employ a surveyor, and in all other respects confirmed.

"At the September term, 1872, George Bean filed his petition in said cause, setting forth that the conveyance of the said land by defendant Bean to one J. P. Morgan in trust to secure the payment to your petitioner of two large debts; that Ober & Co., Hickley & Brothers, Norris, Caldwell & Co., Totten & Hassell, Lucas & Co. and Ghael & Co., in whose favor judgment liens had been established by the decree of April term 1871, had no such judgments and asking that the petitioner be made a party to the proceedings; that another reference might be had ; that the errors in the report of commissioner Randolph be corrected, and that the petitioner's said deed of trust lien might be established according to the date of its recordation. A copy of said deed of trust is filed with the petition, from which it appears that the same was duly executed and acknowledged, and on the 30th day of June, 1860, was admitted to record. Subsequent to the filing of said petition, and at the same term, the sale of the said land made on the 4th day of May, 1872, by special commissioner Sprigg was confirmed, and the cause was committed to commissioner

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

Carr to make report on the matters contained in said petition, and if he thought proper so to do, to re-state the liens against said land and the priorities of the same.

"By virtue of said decree, commissioner Carr made his report, dated February 2, 1873, in which report he audited as valid, the judgments objected to in said petition, a judgment in favor of the complainants, in addition to the one named in the bill, and several other judgments, not before audited. He also reported the amount of George Bean's deed of trust-debts, but did not report them as valid liens. To this report George Bean filed several exceptions.

"At a special term of the court held on the 1st day of August, 1876, the court overruled said exceptions, announced certain principles, and recommitted the cause to commissioner Carr to 'execute the former order of reference in conformity to the opinion of the court,' &c.

"On the 12th day of September, 1877, commissioner Carr filed his report under the last mentioned reference, to which report George Bean also excepted.

"On the 14th day of September, 1877, the court overruled said last mentioned exceptions, and without in terms confirming the report, proceeded to determine the liens aforesaid and their priorities, and gave all the other claims priority over the said liens of George Bean."

To the decree of the circuit court of Hardy in this cause rendered on September 14, 1877, this court granted an appeal and *supersedeas* on March 7, 1878.

The petition of George Bean for the use of T. J. Grove assigns fourteen errors, of which it is deemed necessary to notice only the first: that the court erred in determining the liens and their priorities in the absence of the defendant, Aaron Armentrout, one of the beneficaries in the deed of trust of February 2, 1860; the third: that on the filing of the petition of George Bean the court should have set aside the sale and the decree ordering the same; and the eleventh: that the court erred in not requiring the plaintiff on the filing of this

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*
petition to amend his bill and make the proper parties defendants.    The other errors assigned need not be stated, as ·they were not deemed proper to be considered or acted on in the view taken by the court of this record.

*W. H. H. Flick*, for appellant, cited the following authorities :·

1 Ves. Sr. 64 ; 3 Atk. 646 ; 20 How. 365, 366 ; 9 W. Va. 420; 4 Min. Ins. 601; Code Va. of 1849, ch. 172, § 44·; *Id.* ch. 171, §§ 42–44; 4 Min. Ins. 602 ; 8 How. 495 ; 25 Miss. 513 ; 7 Kan. 417 ; 50 Mo. 291 ; 5 Har. & J. 130; 27 Ala. 391 ; *Id.* 663 ; 6 Wheat. 119 ; 7 Hill 24 ; 11 Wend. 647 ; 3 Ohio 553 ; 25 Tex. Sup. 132 ; 12 Ohio 253; 2 Blackf. 82 ; 2 Yerg. 493; 3 Humph. 313 ; 1 Dougl. (Mich.) 384 ; 28 Gratt. 872 ; Min. Ins. 130, 485 ; *Id.* 146 ; *Id.* 582, 583 ; *Id.* 585 ; Freeman Judgts. § 523 and cases cited ; 3 Stew. (Ala.) 420 ; 20 Am. Dec. ·80 ; 1 Overt (Tenn.) 91 ; 7 W. Va. 411 ; 12 W. Va. 98; ·Code 1860, p. 723; Code 1868, p. ·616 ; 64 N. C. 77 ; 3 H. & M. 238 ; 3 Stew. (Ala.) 246 ; Doug. 40.

*Robert White*, for appellant, cited the following authorities :

8 W. Va. 249 ; 11 W. Va. 447 ; 10 W. Va. 59 ; 8 Gratt. 496 ; 20 Gratt. 658 ; 21 Gratt. 706 ; 10 W. Va. 206 ; 9 W. Va. 13; 13 Gratt. 437 ; 15 Gratt. 153 ; 21 Gratt. 427 ; 8 W. Va. 441 ; 12 Gratt. 440 ; 13 Gratt. 615 ; 19 Gratt. 592 ; 3 W. Va. 309 ; ·8 Leigh 271 ; 4 W. Va. 490 ; 3 W. Va. 143 ; 7 W. Va. 678 ; 10 W. Va. 59 ; 8 W. Va. 249 ; 3 Gratt. 318 ; 13 W. Va. 440; Sess. Acts 1857–8, p. 301 ; 3 Hen. Stat. 294 ; 4 Hen. Stat. 186, 187 ; 6 Hen. Stat. 335 ; 9 Hen. Stat. 405, § 16 ; *Id.* 409, § 26 ; 12 Hen. Stat. 33–35 ; 13 Hen. Stat. 449 ; *Id.* 444 ; *Id,* 460 ; Acts of Va. 1830–31, p. 50, § 20 ; 1 R. C. (1819) p. 507 ; Code Va. (1849) p. 646 ; *Id.* 651, § 42 ; 2 Wash. 250 ; 2 H. & M. 467 ; 4 Munf. 262 ; *Id.* 437 ; 6 Rand. 22 ; 3 Rand. 516. ·

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

*Hunter and Sprigg,* for appellees, cited :

31 Gratt. 580; 32 Gratt. 707.

GREEN, PRESIDENT, announced the opinion of the Court :

The first question presented by this record is, whether the necessary parties to this cause were before the circuit court to justify it in rendering a decree on its merits. It is a general rule in equity (subject however to many exceptions), that all persons materially interested either legally or beneficially in the subject-matter of the suit ought to be made parties to it either as plaintiffs or defendants, so that there may be a decree, that shall bind them all, and full justice be done to all in the one suit. *Caldwell* v. *Taggart et al.,* 4 Pet. 190 ; *Hoxie* v. *Carr,* 1 Summers 173 ; *Carey* v. *Hoxey et al.,* 11 Ga. 648. But this general rule being established for the convenient administration of justice ought not to be adhered to in cases, in which consistently with practical convenience it is incapable of application. See *Adair* v. *The New River Co.,* 11 Ves. 444 ; *Good* v. *Blewitt,* 13 Ves. 397 ; *Wendell* v. *Vanrensellaer,* 1 Johns. Chy. 349 ; *West* v. *Rundle,* 2 Mason 193, 194. This Court in such exceptional cases generally requires the bill to be filed not only on behalf of the plaintiff, but also on behalf of all other persons interested, who are not made formally parties, and thus they are in some sense made parties. *West* v. *Rundle,* 2 Mason 193, 194 ; *Good* v. *Blewitt,* 13 Ves. 397 ; *Hendricks* v. *Robinson,* 2 Johns. Chy. 296, 297.

One of the most frequent exceptions in practice to the general rule we have stated is, that the court permits a suit to be brought by one person in behalf of himself and all other persons having a like interest as the plaintiff, when the persons, who answer that description of a like interest with the plaintiff, are very numerous or can not easily be discovered or ascertained. Thus a creditor may maintain a suit on behalf of himself and all other

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean et al.

creditors of a deceased debtor against his proper representatives for an account and application of his assets real as well as personal in payment of their demands. *May* v. *Selby*, 1 You. & Coll, New R. 13–17.

In the case of *Cockburn* v. *Thompson*, 16 Ves. 327, Lord Eldon says: " In the familiar cases of creditors suing on behalf of themselves and all others, what an infinite number of valuable interests may be bound, in a sense, not absolutely ; as where the court for convenience, dispenses with the presence of parties, the principle leads it by future arrangement to find out the means of giving them an opportunity in some shape of coming in. Upon questions of marshalling, when real estate is charged with debts, &c., the case may be sustained originally perhaps by persons having interests of the least value ; but certainly any person afterwards becoming interested would have his interest as much attended to, as if he had originally been a party. The court must always be open to questions upon the carriage of the cause, applications for rehearing, &c. ; and I should upon principle find the means, if not supplied by precedent, of giving a creditor, coming in after the institution of the suit, the oportunity of supporting his interest better than the plaintiff could."

The usual mode with us of affording a creditor in such a case an opportunity of defending and setting up his interest is, to refer the cause to a commissioner with directions to call all the creditors having claims or liens on the property to audit their claims before him, which call is to be made by a publication in the manner prescribed in a newspaper designated.

In *Reynolds* v. *The Bank of the Valley of Virginia et al.*, 6 Gratt. 180, 181, the law is thus stated by Baldwin, Judge : " The best general rule, perhaps, to be deduced from the authorities is, that all persons having material interests in the subjects, which are to be affected by the object of the suit, must be made parties to the bill either as plaintiffs or defendants. But there are various

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

classes of cases, to which the application of the rule would be attended with such delay, inconvenience and expense, as would be found intolerable in the administration of justice. Amongst these are suits brought by creditors against the representative of a deceased debtor, for the account of the assets of his estate and the application thereof to the payment of his debts. In such cases all the creditors have common, and at the same time distinct, interest in the subject and object of the suit; and a strict adherence to the general rule would require them all to be made parties to the bill. To avoid the necessity of this, and yet prevent the unjust and injurious consequences, which might otherwise ensue, a practice has grown up and is well established of making those who are not plaintiffs substantial instead of formal parties, by allowing a few or one only of the creditors to sue on behalf of himself and all the rest, and those so represented to come before a master, establish their demands, and participate in the relief.

This practice has been extended to a case where a number of creditors are secured by a deed of trust. Story Eq. Pl. 3d ed. § 102, and the authorities cited. It has been some times asserted, that the practice is to be limited to cases, in which all the creditors have a common interest in the object of the bill, and is not allowable to a mortgagee claiming priority of satisfaction; but the more recent authorities upon better reason establish the contrary doctrine; for the bill being in behalf of all, they are so far parties to the suit, that they have a right to appear, assert their several priorities, and contest those of others. Story Eq. Pl. §§ 101, 102, 103, 76c and the authorities there cited.

After the passage of the Code of Virginia in 1849 and the insertion therein of §§ 6 and 9 of ch. 186, (see Code of 1860, pp. 770, 771; Code of W. Va., ch. 139, §§ 5 and 8, p. 661) whereby every judgment was made a lien on all of a debtor's land, and such lien might be enforced in equity, the above mentioned practice was extended to

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean et al.

cases, where a judgment-debtor sought to enforce his lien against the lands of his living debtor. This extension was necessitated by the passage of these acts. One of the principle reasons we have seen for permitting one creditor of a decedent to bring such a suit for himself and all other creditors, to subject the assets real and personal of the decedent to the payment of his debts, without making them formal parties, though they had a direct interest in the suit, was, because the creditors of the decedent would necessarily be unknown to the plaintiff generally, and being an indefinite class, he could not well ascertain the persons composing this class; and as the entire class had an interest similar to, though not identical with, the plaintiff, he was permitted from the necessity of the case to sue on behalf of himself and the entire class, and was not required to make each member of the class a party defendant. To have required this of him would have been greatly to embarrass him in enforcing his rights, and would have much retarded the administration of justice."

Very much of the same injustice to the judgment-creditor and the same embarrassment in the administration to justice, after the changes in the law were made in 1850, above referred to, would have arisen, if he in enforcing his lien against the lands of his judgment-debtor had been required by the courts to make every other judgment-creditor a formal party defendant. It is true, the judgment-creditor about to institute such a suit could without serious inconvenience ascertain, who were the other judgment-creditors, who had obtained judgments in the courts of record in the counties, where the lands lay, which he proposed to subject, and also who were the judgment-creditors, who had docketed their judgments in these counties, though rendered in other counties in the State by courts of record or by justices And there is no sound or just reason, why the plaintiff in such a suit ought not to be required to make all such judgment-creditors, whose names he could thus ascer-

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

tain from the public records without difficulty, formal parties defendant, as they all have a direct interest in the subject-matter as well as object of such suit.

But all the judgment-creditors may not have had their judgment-liens docketed in the clerks' offices of the counties, where the land lies, or may not have recovered their judgments in the courts of record in said counties, but their judgments may have been rendered by justices in any portion of said counties or by courts of record in any other counties in the State or by justices in any part of the State, and may not have been put on the judgment-lien docket of the counties, where the the land sought to be subjected lies. All judgment-debtors of this description constituting an indefinite class would be unknown generally to the plaintiff in such a suit; and it would be very difficult, nay almost impossible, for him to ascertain their names. To require him to make the individual members of this indefinite class of judgment-creditors, whose names he has no means of ascertaining, formal parties defendant to such a suit would be greatly to embarrass the plaintiff in enforcing his lien. Accordingly so far as these judgment-creditors are concerned, whose names the clerks' offices of the counties, in which the land ought to be subjected lay, furnish no means of ascertaining, the plaintiff is permitted to file a bill on behalf of himself and all of them to subject his debtor's lands to the payment of judgment-liens; and he need not make these formal parties defendant, but so far as other judgment-creditors are concerned, whose names he can readily ascertain from the clerks' offices of the counties, where the land lies, which he seeks to subject, he can not sue for himself and them, but must make them formal parties defendant. See *Neely* v. *Jones,* 16 W. Va. 625.

It is true, that if he fails to make them formal parties defendant, and a decree is made referring the cause to a commissioner with directions to call all judgment-creditors or other lienors on these lands of the debtor before

Syllabus 3.

84

1881
Spring
Special Term.

Norris, Caldwell
& Co.

v.

Bean et al.

him and audit their debts, and publication thereof has been duly made, so that all these judgment-creditors have had an opportunity to have their claims audited, and no objection has been made in the court below to this irregular proceeding, this Court would not for such informality unobjected to in the court below reverse a decree of a circuit court, as the parties by making no objection to the defendants being made thus informally parties would be considered in this Court as having waived an objection they had a right to urge in the court below. See *Neely* v. *Jones*, 16 W. Va. 625.

In the case before us the plaintiff sued on behalf of himself and all other creditors but failed to make as parties defendant formally in his bill any of the judgment-creditors, who had obtained their judgments in the courts of record in Hardy county, where the lands sought to be subjected lay, when this suit was brought, or those judgment-creditors, who had put on the judgment-lien dockets of said county their respective judgments, as he ought to have done. But as by the bill they were all made informally plaintiffs, as well as by the decree directing them to be called before the commissioner, to whom this cause was referred to audit their several claims, and due notice thereof was given by publication, and no objection was ever made to this informal mode of making them defendants in the court below, if this were the only error in the proceedings in this cause, the decrees of the circuit court would not be reversed. See *Neely* v. *Jones*, 16 W. Va. 625.

Syllabus 2.

It remains to enquire, whether there were any other necessary parties to a suit like this, who were not made parties in this case. Who then beside this class of judgment-creditors ought to be made formally parties de-defendant in a bill brought by a judgment-creditor to subject the lands of his debtor to the payment of his judgment-lien.

1st, It is obvious, that the judgment-debtor must be

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

a formal defendant to such a bill; and he was made so in this case.

2d. It is almost equally obvious, that the trustees in all deeds of trust executed by the debtor, conveying any portion of his lands sought to be subjected in trust to secure the payment of his debts, must be made formally defendants in such a bill and be brought before the court. The trustees have the legal title to the land sought to be sold by the court, and any conveyance made by a special commissioner could only convey the title of the parties to the suit, if the trustees were not parties, the purchasers by a decree of the court would not get a legal title to the land. This is a special reason, why in a suit of this character the trustee in any deed of trust, conveying any portion of the land sought to be sold, should be made a formal defendant. But even without this special reason the uniform practice is in all cases to make the trustees parties to every suit touching the subject of the trust. In the language of Story "the trustees have the legal interest, and therefore they are necessary parties." Story Eq. Pl. § 207. In the case before us two deeds of trust, given by the debtor on portions of the land sought to be sold, are referred to in the bill, and the trustees in these deeds were properly and formally made defendants and served with process. But from the petition of George Bean filed during the progress of the suit it appears, that the judgment-debtor, Johnson Bean, on June 30, 1860, conveyed to P. Morgan, trustee, a portion of his lands sought to be subjected to sale in this suit in trust to secure the payment of one note to George Bean for $8,433.43, described, and also another note to him given by the grantor and William J. McNemar for $895.64 described. This petition was filed by George Bean, for the use of T. J. Grove, and in it he asks to be made a party to the same cause. The court permitted this petition to be filed and thereafter proceeded, as if George Bean was a party to the cause, and this would suffice to make him a party, though there

1881
Spring
Special Term.
Norris, Caldwell
& Co.
v.
Bean et al.

was no formal amendment of the bill, but it did not make J. P. Morgan, the trustee, a party to the cause, nor did it make the other *cestui que trust*, William J. Mc-Nemar; for he is really such, for though he is not the owner of any debt secured by this deed of trust, yet he is a joint obligor in one of them with the grantor in the deed and was presumably the security of the grantor in the deed and is thus as much secured by this deed, as if he owned the debt secured. Under these circumstances it was an error in the court not to require the amendment of the bill and the making of J. P. Morgan as well as W. J. McNemar a formal party defendant. See *Holland* v. *Baker*, 3 Hare 73, 74 (25 Eng. Chy. 73, 74).

3d. The *cestuis que trust* are necessary parties as formal defendants in a suit, when, as in this case, the deeds of trust simply convey portions of the real estate sought to be subjected to sale in trust to secure a small number of specified debts. The general rule, where a chancery suit is brought to sell or in any manner to affect or in any way respecting trust-property, that is, property conveyed to trustees upon trusts, is, that not only must the trustees be parties formally, but also all the *cestuis que trust* must be formal parties to such a suit. See *Stillwell* v. *McNeely*, 1 Green Chy. 305; *Fish* v. *Howland*, 1 Paige 20; *Malin* v. *Malin*, 2 Johns. Chy. 238; *Osburn* v. *Fallows*, 1 Russ. & M. 741; *Court* v. *Jeffrey*, 1 Sim. & St. 105 (1 Con. Eng. Chy.); *Adams* v. *St. Ledger*, 1 Ball. & B. 181, 184, 185 (4 Con. Eng. Chy.); *Weatherby* v. *St. Giorgio*, 2 Hare 624–629 (24 Eng. Chy.)

The Vice Chancellor in *Holland* v. *Baker*, 3 Hare 71, 72 (25 Eng. Chy. R.), says: " Trustees are not themselves owners of property; they are in a sense agents for the owners in executing the trusts, but they are not constituted agents for the purpose of defending the owners against the adverse claims of third parties in this " (chancery) " court. It is the duty of the trustees in such a situation to object, that the owners of the estate

are not before the court; and I think it is the right of trustees in that case to insist, that the *onus* of resisting adverse claims should be thrown upon the *cestuis que trust* and not on themselves." The decree of the court in such a case would be to pay the trust-fund directly to the *cestui que trust* and not to the trustee, so that the beneficiary is emphatically the direct party in interest.

1881
Spring
Special Term.

Norris, Caldwell
& Co.
v.
Bean *et al.*

To the general rule, that in all such cases the *cestuis que trust* should be made formal defendants and served with process, there are some exceptions, as for instance, when the *cestuis que trust* are very numerous, or the description of them is so general, as to make it difficult or impracticable to ascertain in the first instance, who are all the persons included therein, or many of them are unknown. In some of these excepted cases the trustees are supposed to represent the interest of the *cestuis que trust.* See Story's Eq. Plead. § 150 and § 207. But we need not consider these exceptional cases, for it is clear, when the trustee is the mere holder of the legal title of the land, which has been conveyed to him to secure a limited number of specified debts, that the *cestuis que trust* must be made parties defendant and served with process, such a case coming within the general rule, and none of the exceptional cases have any analogy to such a case.

In the case before us the *cestuis que trust* in the deed of the judgment-debtor, Johnson Bean, to J. P. Morgan conveying a part of the real estate sought to be sold, were George Bean and Wm. J. McNemar. Neither of them were made defendants formally in the bill. George Bean became a party to the suit by filing a petition in the cause setting up his claim (for the use of T. J. Grove) ; but Wm. J. McNemar has never been made and never became in any way a party to this cause, though by that deed of trust real estate was conveyed to pay a debt of $895.64, for which it is on the face of the deed to be presumed he was the security of the grantor Johnson Bean. He has as direct an interest in seeing, that

1881
Spring
Special Term.
Norris, Caldwell
& Co.
v.
Bean *et al.*

the proceeds of this land are properly applied to the payment of this debt, as if he was the owner of the debt, for if not so paid, he will have to pay it himself; he is therefore a *cestui que trust* in this deed of trust and should have been made a party formally to this cause as a defendant. The *cestuis que trust* in the two deeds of trust named in the bill were formally parties defendant; but one of them, Aaron Armentrout, who had a debt secured in one of these deeds of trust amounting exclusive of interest to $297.00, was never served with process in this cause and never in any manner appeared therein.

4th. In a suit of this sort it is the duty of the plaintiff to make not only all judgment-creditors, whose judgments appear in the clerks' offices in the counties, in which lie the lands he seeks to subject, formal parties defendant, but if any of these judgments are joint judgments against the judgment-debtor of the plaintiff and third person, such third persons should be made formal defendants in the bill and served with process, as they evidently have a direct interest, that such joint judgments should be audited in their proper place as to priority and paid, as they are personally bound to pay them, if not so paid. In this case it appears, that a number of such judgments were rendered jointly against William Bean and other parties, as for instance C. L. Cunningham, George Bean, Joseph L. Barbee and Gabriel T. Barbee, one or more of whom were joint defendants with Johnson Bean in one or more of these judgments. It is true, that it is now insisted, that many of these were not valid judgments, but if valid against Johnson Bean, the defendant, they were also valid against the other co-defendants with him, and they should therefore all of them have been made formal defendants to this cause. But as no objection was made in the court below to their not being made formal defendants, and they had an opportunity of having their judgments audited against their co-defendant, Johnson Bean, before the commissioner, this Court would not reverse any of

the decrees for this cause only, for the same reason that they would not reverse the same because the plaintiffs in these judgments were not made formal defendants in this cause.

1881
Spring
Special Term.
———
Norris, Caldwell
& Co.
v.
Bean *et ux.*

5th. Besides these four classes of parties who must generally be made formal defendants in all suits of this character, there may be of course in particular cases a necessity to make other parties, as for instance, a widow, who claimed a right of dower in a tract of land owned by the judgment-debtor to be sold, which dower had not been assigned her, and in this case T. J. Grove, for he should be made a defendant in the amended bill, which must be filed, because it appears from the petition of George Bean, that in some way, not in any manner explained, Grove has or claims to have a right to the two debts payable to George Bean and secured by a deed of trust on a portion of the land sought to be subjected in this case.

As then this record discloses, that there were parties, who ought to have been made formal defendants in this cause, who were never so made, or on whom no process was served, and who never appeared in the cause, and who have direct interest in both the subject-matter and object of this suit, and who were not even informally parties, as were the judgment-debtors, and all the decrees rendered in this cause were rendered in their absence and without notice to them, it must follow that all of these decrees must be set aside, reversed and annulled excepting only a part of the decree rendered on September 5, 1872. So much of said decree, as approved and confirmed the report of Joseph Sprigg, commissioner, to make sale of the real estate in the bill and proceedings mentioned, and so much thereof, as approved and confirmed the sales of the real estate mentioned in said report and made on May 4, 1872, must be affirmed by this Court, because by the 8th section of chapter 132 of Code of West Virginia, page 630, it is provided : " If a sale of property be made under a decree or order of the court

and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser shall not be affected thereby, but there may be restitution of the proceeds of the sale to those entitled."

Of course it would be improper in this Court to do more than reverse all the decrees rendered in this cause with the above exception; and the appellant must recover of the appellees Norris, Caldwell & Co., his costs in this Court expended; and this cause must be remanded to the circuit court of Hardy county with directions to permit the plaintiffs to amend their bill and to make the requisite parties defendant to this cause according to the principles laid down in this opinion, and when this has been done, and the proper parties are before the court, then to proceed with this cause according to the principles governing courts of equity.

It is of course improper for this Court to consider or decide any of the many other questions involved in this cause, as in so doing we would be committing the same error, as has been committed by the circuit court, that is, deciding questions of controversy in the absence of parties directly interested in them, and who have never been made, as they should have been, formal defendants and served with process either personally or constructively.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    CAUSE REMANDED.