# CHARLESTON.

PICKENS *et al. v.* LOVE'S ADM'R *et al.*

Submitted February 2, 1898—Decided April 9, 1898.

1. RES ADJUDICATA—*Husband and Wife—Wife's Separate Estate—Deed of Trust.*

Where two deeds of trust are given on land by husband and wife, the fee belonging to her, with a life estate in the husband as husband, and a part of it is afterwards conveyed by them to a third party, and there is a chancery suit to enforce the said trusts against the entire tract and sell it outright, and the purchaser of such part is a party and his rights set up therein, and there is a decree exonerating that part from liability for one of the trusts, such decree is *res judicata* to bar another suit to sell the life estate of the husband in such part for that debt.    (p. 726).

2. ADVERSE POSSESSION—*Deed of Trust—Statute of Limitations—Presumption of Payment.*

Where one buys land that is under a recorded deed of trust, given by the owner from whom the purchase is made, the possession of such purchaser is not adverse to the right of the grantor in such trust deed, and possession will not save the land from liability; and the statute of limitations will not run against the deed of trust debt, though it will be barred by the presumption of payment after twenty years, unless that presumption be repelled, but if repelled, so as to keep the trust alive as to the maker of the deed of trust, it will continue alive as to such purchaser.    (p. 728).

Appeal from Circuit Court, Barbour county.

Suit by John D. Pickens and another against Byron Love's administrator and others, to subject lands to debt. From a decree for plaintiffs, defendants appeal.

*Reversed.*

DAYTON & DAYTON and F. O. BLUE, for appellants.

J. HOP WOODS, for appellees.

BRANNON, PRESIDENT:

L. M. Knisely and wife made one deed of trust to secure a debt to James Pickens of one thousand six hundred and fifty dollars, and afterwards a second deed of trust to secure said Pickens a debt of one thousand two hundred dollars, and Pickens brought a chancery suit to enforce the lien of the said deeds of trust upon all the interest of Knisely and his wife in the tract of land conveyed therein. A decree in that case was reversed by this Court, as shown in *Pickens v. Knisely*, 29 W. Va. 1, (11 S. E. 932). The land conveyed by said trusts was a tract of one hundred and seventy-five acres. After the said deeds of trust, Knisely and his wife conveyed seventy-four acres of said tract to Mary J. Love, and she filed her petition in said cause, setting up her right to the said seventy-four acres, and seeking to defend it against said debts, or claiming that it should not be sold until the balance of the land was exhausted. A decree was entered in July, 1887, after the cause had been remanded by this Court to the circuit court of Barbour, which decree subjected to sale the said land to satisfy one of said debts, but declaring the other not a lien by reason of informality in the acknowledgment of one of the said deeds of trust; and said decree directed that the seventy-four acres should be sold only in case the residue of the one hundred and seventy-five acres should not sell for enough to pay the debt. In that decree was this clause: "Upon consideration whereof the court is of opinion that the said James Pickens has a deed of trust lien upon the tract of 175 acres of land conveyed by the defendant L. M. Knisely and Sarah J. Knisely to Nathan J. Coplin, trustee, on the 9th day of September, 1871, to secure the sum of $1,200, but that no lien exists by reason of the deed of trust upon the same land executed by the said Knisely and wife to W. W. Daniels, trustee, dated the 15th day of December, 1868, to secure to said James Pickens the sum of $1,650." The residue of the land was sold under that decree, and brought more than enough to satisfy the one deed of trust

decreed against it, and in the decree confirming the sale occurs the following clause: "And it further appearing to the court from the report of said commissioner that the said 148¼ acres sold for more than sufficient to pay the plaintiff's debt, as decreed at the July term, 1887, of this court, it is ordered that the decree of sale as to the 74 acres owned by Mary J. Love remain unexecuted by said commissioner." After this Pickens filed in the case a petition claiming that, as L. M. Knisely, the husband, had an estate by the curtesy in the land of his wife so sold to pay the one deed of trust, the other deed of trust, which had been held void as to the wife, was a valid lien on the surplus proceeds of sale of said residue; and by a decision of this Court in 36 W. Va. 794, (15 S. E. 997), said surplus was held liable to the debt in the other deed of trust,—that one which was null as to the wife; and then that suit was dismissed "without prejudice." After all this, Pickens' executors brought the suit we now have in hand, having for its purpose to set up a life estate in L. M. Knisely arising from his rights as husband in the seventy-four acres which had been owned by Knisely's wife and conveyed to Mrs. Love, and in this suit a decree was pronounced holding the said seventy-four acres liable for the Pickens debt to the extent of a life estate for the life of L. M. Knisely in it, and this is an appeal from that decree.

This seventy-four acres was sold under a decree for the debts of Mrs. Love, and bought by Crim, who conveyed to Laco L. Young, in a suit of Queen & Eib against Young. It is objected that Laco L. Young is not an appellant, and cannot maintain this appeal, because, though he is named in the petition for appeal, he has not signed it; but attorneys for all the petitioners signed it, and besides, the order of this Court states that Laco L. Young appeared as an appellant asking such appeal. It therefore becomes unnecessary to inquire whether Mrs. Love, another appellant, has such interest as to enable her to stand as an appellant. It is said she has not, the land having been sold from her; but the plaintiffs made her a party to their cause, and this would seem to give her a status in the case sufficient to enable her to maintain an appeal.

Let us now go on to consider the appeal on its merits.

It is contended, and I think properly, that the decree of July, 1887, in the case of Pickens against Knisely, is *res judicata* against all liability of the seventy-four acres of Mrs. Love to the Pickens debt, and forbids any decree against it in this case. The very object of that suit was to enforce against the one hundred and seventy-five acres, and all the estate of both Pickens and wife therein, both the Pickens deeds of trust; and Mrs. Love was a party to that suit, and her right to seventy-four acres of it involved in it, and there stands that decree squarely adjudicating that no lien existed against it for the deed of trust with which it is now charged. It will not do to say that this is not so, because no decree subjecting it would be proper except in the event that the residue of the land should not bring enough to pay the debt; for the liability of all that tract of one hundred and seventy-five acres, including Mrs. Love's seventy-four acres, was pointedly involved in the former case, and there was a decree exempting it from liability standing unreversed ever since. Pickens was a party to that suit, likewise Mrs. Love, and Laco L. Young is a privy in estate with her. That decree was wrong in releasing the seventy-four acres from liability entirely, because a life estate therein of L. M. Knisely was liable, but that error does not detract from the force of the decree. *Rogers* v *Rogers*, 37 W. Va. 407, (16 S. E. 633). It is scarcely necessary to supplement the force of that decree as a bar by reference to the clause in the later decree directing that the order to sell the seventy-four acres remaind unexecuted by the commissioner, though it is a reiteration of the intent of the court to absolve the seventy-four acres from the liability contained in the decree of July, 1887, perhaps itself a bar.

I do not think there is any strength in the contention that Mrs. Love, having held the seventy-four acres more than ten years, is protected by the statute of limitations, because the deeds of trust were recorded and gave notice to her, and not until those deeds of trust were lost by the presumption of payment could any bar arise, Under the lapse of time, ten years would not protect a purchaser with notice of a prior deed of trust. Possession has no relevancy to the case, because the possession of the grantor

in a deed of trust is not hostile to the grantee; neither is
the possession of that grantor's vendee. The statute
would not apply to a deed of trust, only the presumption
of payment from lapse of twenty years, and that presump-
tion could be repelled, and as long as the deed of trust is
alive as to its grantor it is alive as to his vendee. *Camden*
v. *Alkire*, 24 W. Va. 674; *Criss* v. *Criss*, 28 W. Va. 388. In
the suit of Queen & Eib against Love, brought to enforce
upon the seventy-four acres a deed of trust given by Mrs.
Love, there was a convention of lienors under an order of
reference, and the land was sold to Crim as above stated,
and it is claimed that, as Pickens did not present his debt,
he is barred by it; but I do not think that that adjudication
is a bar to this debt of Pickens. It is true Pickens was an
actual party to that suit, but he was such only as an owner
of a deed of trust given by Mrs. Love upon her seventy-
four acres, and the bill contained nothing whatever touch-
ing Pickens' rights under the deeds of trust which had
been given to Pickens by Knisely and wife. There was
no matter in the bill about the Knisely deeds of trust, and
a decree cannot be a bar as to matters not mentioned in the
bill even though parties interested in those matters are par-
ties as to still other matters. *Bland* v. *Stewart*, 35 W. Va.
518, (14 S. E. 215); *Roberts* v. *Coleman*, 37 W. Va. 143, (16
S. E. 482). Thus Pickens was not a party as to his rights
under the Knisely trust, and his trustee was not in any
shape a party to the Queen & Eib suit, and we have held
that the trustee and beneficiary under deeds of trust are
indispensable, formal parties, and cannot be affected by a
convention of general lienors. *Marshall's Ex'r* v. *Hall*, 42
W. Va. 641, (26 S. E. 300); *Benson* v. *Snyder*, 42 W. Va.
223, (24 S. E. 880); *Turk* v. *Skiles*, 38 W. Va. 404, (18 S. E.
561); *Bensimer* v. *Fell*, 35 W. Va. 15, (12 S. E. 1078).
Therefore we reverse the decree and dismiss the bill.

## ON REHEARING.

A petition for rehearing insists upon the points that
Mrs. Love was not a party, and there could not have been
a decree as to her part of the land; and this leads me to
say that Knisely and wife were parties, and there could be

a decree final between Pickens' executors and them, and there was a decree that on the facts existing between them—and these facts constituted the only ground of liability—the tract was not liable. Mrs. Love was a grantee and privy in estate with Knisely and wife, and she could rely on that decree as final in her favor, because it was final in favor of Knisely and wife, since a decree is just as conclusive in favor of a privy in estate as if he were a party. If between a grantor in a deed of trust and the creditor there is a decree that the deed of trust is no lien against the land, cannot the purchaser from that grantor defend his land under that decree?

*Reversed.*