# CHARLESTON.

P. E. DICKERSON et als. v. JAS. P. FLANAGAN, et als.

(No. 5723)

Submitted February 8, 1927. Decided February 15, 1927.

CREDITORS' SUIT—NOTICE—*Statute Authorizing Publication and Posting of Notice Affecting Property Rights Must be Strictly Pursued; Burden of Showing Pursuance of Statute Authorizing Publication and Posting of Notice Affecting Property Rights is on Him Who Would Profit Thereby; Commissioner's Report Claiming to Have Given Notice to Lienholders Required by Decree Directing Publication, But Not Requiring Compliance With Statute (Code, c. 139, § 7).*

Where the statute authorizes the publication and posting of a notice, which affects property rights, the steps directed by the statute must be strictly pursued. The burden of showing

such pursuance is on him who would profit by such notice. Sec. 7, Ch. 139, Code, applied.

(Creditors' Suits, 15 C. J. § 175; Notice, 29 Cyc. pp. 1119, 1125; Statutes, 36 Cyc. pp. 1179, 1189.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

LITZ, JUDGE, absent.

Appeal from Circuit Court, McDowell County.

General creditors' suit by P. E. Dickerson and others against James P. Flanagan and others. From a decree denying a supplemental petition of the Putnam County Bank and another, lienholders, to review the cause after a decree and to recommit it to the commissioner and for other relief, the lienholders appeal.

*Reversed and remanded.*

*Joseph M. Crockett, Strother, Sale, Curd & Tucker,* and *Harman & Howard,* for appellants.

*Sanders, Crockett, Fox & Sanders, for* appellees.

HATCHER, PRESIDENT:

This is a general creditors' suit instituted at the February Rules, 1925, of the circuit court of McDowell county. About thirty creditors of Flanagan are joined with him as defendants.

On April 2, 1925, the cause was referred to a commissioner to state the usual account in such suit. His report was filed July 10. On August 4, a decree was entered confirming the report, fixing the amounts and priorities of the liens against Flanagan, and directing a sale of his property.

On October 1, two petitions were filed: one by the Putnam County Bank, setting up a judgment for $1,522.50, obtained by it against Flanagan et al. on May 9, 1923; and the other by Leonard Oxley, setting up a judgment obtained by him against Flanagan et al. on the same date, for $3860.00. These petitions prayed that the several judgments be allowed, etc. Neither of these petitioners were parties to the original suit.

An order was entered filing the petitions. Nothing else was done in regard thereto until April 29, 1926, when the petitioners filed a supplemental petition praying that the

cause be reviewed and recommitted to the commissioner; that he be required to ascertain and report the liens in favor of petitioners; and that the commissioners who had sold the property of Flanagan be restrained from distributing the proceeds, etc.

The court refused to grant the prayer of the petition, and also refused to modify in any way the decree of August 4, 1925.

From the decree of April 29, 1926, an appeal was granted.

The main issue in this case is, does the record show that the commissioner gave notice to lienholders required by Sec. 7, Ch. 139, Code?

A fugitive newspaper clipping is among the papers of the suit, purporting to be a publication of such notice. There is no evidence whatsoever of a posting of the notice.

The commissioner's report states that "due notice" was given "to the parties as required by the terms of said decree".

Counsel contend that the petitioners, as lienholders, are embraced in the word "parties" as used by the commissioner.

The statute provides that the publication and posting of the notice therein prescribed "shall be equivalent to a personal service thereof" on the lienholders. It also specifies that after such publication and service, a lienholder who fails to present his claim before the final decree, shall be forever barred from participation in the proceeds of the debtors real estate, etc. Nowhere, however, does the statute purport to make a lienholder a party to the suit merely by the publication and posting of the notice. Since the lienholders are not made parties by the statute, we must give to the word "parties" its ordinary meaning. The word usually refers to the parties served with process. *White* v. *White*, 66 W. Va. 79 (82). We are therefore not warranted in extending the definition of the word to include the petitioners.

The decree referred to by the commissioner gave the following directions as to notice: "But before proceeding to take said account said Commissioner shall publish the notice to

lienholders, as required by Ch. 139, Sec. 7, Code of West Virginia,'' etc.

Even if it should be conceded · that the word ''parties'' as used in the commissioner's report is comprehensive enough to include the lienholders as such, nevertheless, the statement is not sufficient to show a compliance with the statute in regard to posting, because the commissioner only claims to have given the parties the notice ''required by the terms of said decree''. That decree directs publication, but does not require that the notice be *posted.* Sec. 7, Ch. 139, Code, requires two things to be done in convening the creditors (a) *publication* of the notice, and (b) *posting* of the notice. The one is as essential under the statute as the other. If either be omitted, the statutory notice is incomplete. ''There are proceedings by which the proprietary rights of the individuals are affected, notice of which may be given by publication in a newspaper or by posting copies in certain designated localities. But in order to give such publications the effect of *actual* notice to the party whose rights are affected by the proceeding, regardless of whether he reads the advertisement or not, it is necessary that this mode of notification should be authorized by statute, and that the statute by which it is authorized, being in derogation of the common law, should be strictly construed and closely pursued.'' Wade, Law of Notice, 2nd. Ed. p. 570. Accord 29 Cyc. p. 1119; 23 Stand. Ency. of Pro. p. 526.

As the record does not show compliance with the statute in the giving of notice to lienholders, the petitioners are not barred by the decree of Aug. 4, 1925, from participation in the proceeds of Flanagan's real estate. They were lienholders of record at the date the suit was brought and should have been made parties thereto. Not having been made parties, the statute gave petitioners the right to ''present, prove, and have allowed'' their claims against Flanagan, and it was error to deny them that right.

Counsel contend that as the decree of August 4, 1925, was not appealed from within eight months, it cannot be reached indirectly by an appeal from the decree of April 29, 1926.

This contention is based on Sec. 3, Ch. 135, Code, which forbids an appeal to this court from a decree rendered more than eight months before the petition for the appeal is presented. That section refers to a petition presented by one who was a party to the controversy at the time the decree complained of was entered. The petitioners not being parties to the decree of August 4, 1925, are in no wise bound by it. Therefore that section has no application to the demand of petitioners.

The decree of April 29, 1926, is reversed, and the cause remanded.

*Reversed and remanded.*