C. B. EARLY *v.* G. T. FOGLE & COMPANY

(No. 9417)

Submitted January 20, 1943. Decided March 23, 1943.

*Henry S. Cato,* for appellant.
*McKee & Luckey,* for appellee.

LOVINS, JUDGE:

C. B. Early instituted this suit in the Circuit Court of Kanawha County to enforce the payment of a paving assessment lien against Lot No. 345, Block H, of the City of Dunbar, now owned by G. T. Fogle & Company. A demurrer to defendant's answer and amended answer was sustained, with leave to amend, and upon the defendant declining to do so the trial court granted the relief prayed for in plaintiff's bill of complaint. This appeal followed.

In 1923, The Council of the City of Dunbar, in the manner provided by Sections 85 and 86, Chapter 7, Acts of the Legislature of West Virginia, Reg. Sess., 1921, Municipal Charters, caused to be paved the street upon which the real estate aforesaid abuts. The cost of such paving was assessed against the lot then owned of record by E. Tomei, and a paving lien certificate, dated September 18, 1923, in the principal amount of $294.96, payable in ten equal installments, beginning May 1, 1924, was issued and delivered by the City of Dunbar to Andrews Asphalt Paving Company, the paving contractor. The regularity of the making and issuance of the certificate of assessment is not questioned. The assessment so made was regularly recorded in the office of the Clerk of the County Court of Kanawha County, West Virginia, such record showing the

City of Dunbar to be the holder of the lien and showing E. Tomei as the owner of the lot to which the lien attached. The record does not reflect the delivery of the lien certificate to Andrews Asphalt Paving Company. On or about April 13, 1925, Andrews Asphalt Paving Company assigned the paving certificate to Ohio Savings Bank and Trust Company, which company, through its receiver, assigned said certificate to C. B. Early, appellee, in February, 1940. No assignments thereof appear of record. As of April 30, 1925, two annual installments with interest had been paid. No payments have been made since that time, and, on June 15, 1942, installments and accrued interest amounted to $477.47, which is unpaid. The appellant's answer and amended answer, to which the trial chancellor sustained a demurrer, allege the facts following:

By trustee's sale under trust deed executed subsequent to the recordation of the paving lien hereinabove mentioned, title to the real estate passed from E. Tomei to U. C. Myers on July 25, 1925. On March 16, 1929, W. S. White and others instituted a judgment creditors' suit in the Circuit Court of Kanawha County, West Virginia, against U. C. Myers and others, to subject the real estate of U. C. Myers to the payment of his debts. In this suit the City of Dunbar, record owner of plaintiff's paving certificate and lien, accepted service of summons as a party defendant "for certain paving assessments and taxes", as it is alleged in the bill of complaint, no reference being made, however, to any specific paving lien. The cause was regularly referred to a commissioner in chancery who convened all creditors by duly publishing and posting the notices required by Section 7, Chapter 139, Barnes' West Virginia Code, Annotated, 1923. Aside from taxes and suit costs, the commissioner in chancery reported a paving lien dated August 23, 1927, owned by appellant, as having priority over all other liens. The suit regularly proceeded to a sale of said lot 345 to appellant, which sale was confirmed by decree entered April 23, 1931, and a special commissioner's deed duly made, executed, delivered and

recorded. Neither Andrews Asphalt Paving Company, nor any other unrecorded assignee of the paving certificate dated September 18, 1923, was made a formal party to the suit of *White* v. *Myers,* nor did any of them make appearance therein. Appellant's answers allege that Ohio Savings Bank and Trust Company, owner of the paving lien certificate at the time of the institution of and during the pendency of the aforesaid suit, had actual information and knowledge, not only of the institution, but of the pendency and purpose of the suit. Appellant argues that the suit of White v. Myers extinguished the paving lien against said lot 345, created while Tomei was the owner thereof, because the City of Dunbar, record owner of the lien, was the only necessary party so far as the lien was concerned.

The sole ground assigned in appellee's demurrer is that the unrecorded owner and holder of the paving lien certificate was not made a formal party to the suit of *White* v. *Myers.* The regularity of the suit is not otherwise questioned.

Formerly a judgment creditor could avail himself of a writ of elegit to satisfy his debt, but that ancient writ has been abolished, Code, 1868, Chapter 140, Section 2, Code, 56-3-2. In this jurisdiction a judgment creditors' suit is now the generally accepted, if not the only method of enforcing a judgment lien against land.

The statute prior to the year 1882, simply authorized the enforcement of a judgment lien in a court of equity. By Chapter 126, Acts 1882, the scope of the statute was enlarged and procedure for enforcement of judgment liens was defined. The pertinent parts of Chapter 126 are now substantially the same as originally enacted. See Chapter 139, Section 7, Barnes' Code, 1923, Annotated, and Code, 38-3-9, 10, 11, 12, 13, 14, and 15.

Prior to the enactment of Chapter 126, the law in this jurisdiction on the question as to proper parties in a suit to enforce a judgment lien by sale of the debtors' land had developed so that it was necessary to make judgment

creditors who had been paid by a surety formal parties in a suit by the surety. *Hoffman* v. *Shields*, 4 W. Va. 490. Procedure for enforcement of judgment liens by a lien creditors' suit was further defined in the case of *Neely* v. *Jones*, 16 W. Va. 625, 37 Am. Rep. 794, wherein it was held that certain lien-holders of record were necessary formal parties.

An able discussion of the subject of necessary formal parties to a judgment creditors' suit will be found in the opinion by Judge Green in the case of *Norris, Caldwell and Co.* v. *Bean*, 17 W. Va. 655, decided April 1, 1881. For other decisions of this Court with reference to necessary parties in lien creditors' suits, see *Bilmeyer* v. *Sherman*, 23 W. Va. 656; *McMillan* v. *Hickman*, 35 W. Va. 705, 14 S. E. 227; *Farmers' Bank of Fairmont* v. *Watson*, 39 W. Va. 342, 19 S. E. 413; *Bansimer* v. *Fell*, 39 W. Va. 448, 19 S. E. 545; *Benson* v. *Snyder*, 42 W. Va. 223, 24 S. E. 880; *Pickens* v. *Love's Admr.*, 44 W. Va. 725, 729, 29 S. E. 1018; *Bank* v. *Bank of Reedy*, 89 W. Va. 165, 109 S. E. 719; *Dickerson* v. *Flanagan*, 103 W. Va. 233, 136 S. E. 854. In the cited cases decided before and after the enactment of Chapter 126, this Court has consistently adhered to the principle that the holder of a recorded lien is a necessary formal party to a judgment creditors' suit.

The decision of this Court in the case of *Bensimer* v. *Fell*, 35 W. Va. 15, 12 S. E. 1078, 29 Am. St. Rep. 774, is not inconsistent with other cases when point nine of the syllabus is read in the light of the facts. The Court in that case was discussing and passing on a trust deed lien placed on the land by a former owner. Obviously, title to the land sought to be subjected to sale was involved, and it was correctly held that the holder of such lien was a necessary formal party to the lien creditors' suit in order to bar his lien by convening creditors under Section 2, Chapter 139, Code, 1887.

The distinction between formal and informal or *quasi* parties to a creditors' suit is not mentioned in *Dickerson* v. *Flanagan, supra*. However, the persons whose rights were

determined therein, being lienholders of record, were necessary formal parties to the suit. We may say that this Court has, when necessity arose, drawn the distinction between formal and informal parties to suits brought to enforce judgments.

We now come to the inquiry whether the alleged record owner of the lien now held by appellee, as distinguished from the alleged actual owner was made a formal party to the lien creditors' suit of *White* v. *Myers.*

The appellant in its answer to the original bill alleges that the City of Dunbar, the record owner of the paving lien was made a party defendant in the judgment lien creditors' suit, which is denied by appellee's amended and supplemental bill of complaint, and reasserted by the appellant in its answer thereto. No proof of this controverted allegation appears in the record, the appellee choosing to test the efficacy of appellant's answer by demurrer. A demurrer to the answer of a defendant in an equity cause being authorized by Code, 56-4-56, has the same effect as that of a demurrer to a bill of complaint, namely, all material facts well pleaded in the answer are taken as true on demurrer. *Allen* v. *South Penn Oil Co.,* 58 W. Va. 197, 52 S. E. 454. We therefore assume to be true the allegations of appellant's answers with respect to the ownership of the paving lien by the City of Dunbar at the time the judgment lien creditors' suit was commenced. Of course, record ownership of the lien may be made to appear differently on proof taken in that behalf.

The Charter of the City of Dunbar (Chapter 7, Acts of the Legislature, 1921, Municipal Charters) required an order of assessment to be made by its council, and a copy thereof to be certified to the Clerk of the County Court of Kanawha County, who was required to record and index the same in the proper trust deed book in the name of the person against whose land assessments were thereby made. Sections 61 and 85 of Chapter 7. The lien so assessed was ineffective as to creditors of the owner of the land and the purchasers thereof for value, who were with-

out actual notice of such liens unless and until the order of assessment was filed for record with the clerk of the county court aforesaid. Section 62, Chapter 7, aforesaid.

Appellee contends that by virtue of Section 85, the paving contractor rather than the City of Dunbar became the owner of the lien sought to be enforced by this suit. It is apparent from the relevant provisions of the Dunbar Charter hereinabove mentioned that perfection of paving liens as against creditors of property owners without actual notice of the liens contemplate recordation of the order of assessment in the office of the Clerk of the County Court of Kanawha County. The order of assessment, as recorded in the county clerk's office, is not included in the record before us on this appeal, and we, therefore, do not know whether such order of assessment showed that the lien certificates were delivered to Andrews Asphalt Paving Company, appellee's remote assignor, but, as hereinbefore indicated, we take as true on demurrer the material allegations of the answers of appellant.

We cannot say as a matter of law that some person other than the city was the record owner of the lien, but must conclude, as alleged, that the City of Dunbar was the record owner. The city having been made a formal party to the suit of *White* v. *Myers* by issuance of process and acceptance of service thereof, the lien asserted by appellee is barred by the proceedings in the *White* case in the absence of proof controverting the alleged record ownership by the city.

The allegations of the appellant's answers as to the record owner of the lien sought to be enforced in this suit presented a defense to the appellee's bills of complaint and it was reversible error to sustain a demurrer to said answers.

In the present state of the record it is unnecessary to pass on the question as to whether the holder of the paving lien was made an informal or *quasi* party to the *White* suit by the convention of lien creditors had therein.

In accordance with the principles herein set forth we reverse the decree of the circuit court and remand the cause for further proceedings.

*Reversed and remanded.*