# CHARLESTON.

## CONNELL *et ux. v.* WILHELM *et al.*

Submitted January 30, 1892.—Decided April 23, 1892.

1. SALE—COMMISSIONER IN CHANCERY.

   Where commissioners appointed under a decree to make a partition between two part owners of a tract of land report such real estate as partitionable, and divide the same between said parties by actual survey, as shown by a plat returned with their report showing the number of acres to which the parties are respectively entitled, said parties may, by consent-decree, without awaiting the confirmation of said report of partition, agree that said land may be sold by commissioners appointed by decree of the court as an entire tract, or in separate tracts, as described in said plat and report; and if at such sale, made under such consent-decree, the land that had been allotted to W. in said report (against whose interest liens to the amount of its value exist) is purchased by C., against whose parcel no liens exist, the court may confirm said sale to C. without awaiting the sale of the entire tract; and if the court subsequently, on motion, confirms said partition as to the parcel allotted to C., it will not be regard-

ed as error, and W., by his laches and acquiescence in the action of said commissioners, is estopped from objecting.   (p. 607.)

2. SALE—COMMISSIONER IN CHANCERY.

In sales made by commissioners under decrees and orders of a court of equity, the purchaser who bids off the property, and pays the deposit in good faith, is considered as having acquired inchoate rights which entitle him to a hearing upon the question whether the sale shall be set aside.   (p. 610.)

3. SALE—COMMISSIONER IN CHANCERY—INADEQUACY OF PRICE— EVIDENCE.

A sale may be set aside before confirmation for gross inadequacy of price, but, if it be attempted to establish this by parol evidence only, the proof must be very clear, especially if a great length of time elapsed between the sale and its confirmation, and during this time no advance bid has been made to the court.   (p. 610.)

4. SALE—COMMISSIONER IN CHANCERY.

Where special commissioners are appointed under a decree of court to make sale of lands, and an unusual delay occurs on the part of such commissioners in carrying out said decree, and making their report, the court will ordinarily award a rule against such commissioners, requiring them to account for the delay, before removing them and appointing other commissioners to execute the decree.   (p. 610.)

*J. R. Donehoo* for appellants cited 8 S. E. Rep. 579 ; 25 W. Va. 530 ; Code, c. 135, s. 1, p. 7 ; Id. c. 117, s. 8 ; 11 W. Va. 482, 496 ; 29 W. Va. 213 ; 2 Dan. Ch'y 1274 ; Ror. Jud. Sales § 7 ; 3 S. E. Rep. 372, 375 ; 26 W. Va. 839 ; 2 W. Va. 502.

*Ewing, Melvin & Riley* for appellee, Catharine A. Connell cited 2 Dan. Ch'y 1025 ; 18 Gratt. 375 ; 9 W. Va. 680, 687 ; 32 Gratt. 376 ; 8 W. Va. 301 ; Code, c. 79, s. 3 ; 29 W. Va. 201 ; 11 W. Va. 423 ; 6 Wall. 157, 159, 160.

ENGLISH, JUDGE :

George Wilhelm was in his lifetime the owner of several tracts of land situated in the county of Hancock, aggregating about two hundred and forty acres.   On the 11th day of November, 1873, said George Wilhelm conveyed to his daughter, Catherine A. Connell, the undivided one half of said tract of land, his wife, Martha, not joining in said conveyance; and on the 25th day of May, 1880, said George Wilhelm departed this life intestate, leaving his widow,

Martha Wilhelm, and two children, Joseph Wilhelm and Catherine A. Connell, the wife of Daniel F. Connell, him surviving; and the residue of said lands was inherited by said Joseph Wilhelm and Catherine Connell subject to the dower right of said Martha Wilhelm, and said Catherine A. Connell having the undivided three fourths, and the said Joseph the undivided one fourth, subject to the dower of the said Martha. Subsequently, on the 25th day of January, 1883, said Catherine conveyed to said Joseph the undivided half of that portion of said real estate which had been conveyed to her by said George Wilhelm, so that by said conveyance said Joseph and Catherine were each vested with an undivided moiety of said real estate subject to the dower of said Martha.

At the February rules, 1887, said Catherine A. Connell and Daniel F. Connell, her husband, filed their bill in the clerk's office of the Circuit Court of Hancock county against said Joseph Wilhelm and Margaret Wilhelm, his wife, and Martha Wilhelm, widow of George Wilhelm, deceased, setting forth the above-mentioned facts as to the manner in which the said lands were derived and held; and further alleging that since the death of said George Wilhelm, on the 25th day of May, 1880, the said Joseph has occupied and farmed the entire real estate of which the said George died seised as aforesaid, the widow not residing thereon, deriving therefrom all the rents, profits, and proceeds; and that since the 25th day of May, 1883, he had not accounted to plaintiffs in any manner for such portion of the rents and profits thereof as would be justly and rightly due plaintiffs, although he had agreed to pay plaintiffs a yearly rent therefor and to pay the taxes.

Plaintiffs further allege that they were informed and believed that the said widow, Martha, was willing for the partition of said real estate or a sale thereof, and to accept an annual sum in lieu of her said dower, such as she is entitled to in pursuance of an article of agreement made between the parties in interest. They pray for a fair, just, and equal partition of said premises between the plaintiff Catherine A. Connell and the defendant Joseph Wilhelm, in equal parts, according to quality and quantity, or, if said

real estate is not partitionable, that a sale thereof may be made, and the proceeds divided as the parties in interest may be entitled; and the cause may be referred to a commissioner to ascertain what sum of money is due plaintiffs from the said defendant Joseph Wilhelm for the use and occupancy of said undivided interest from the 25th day of May, 1883; and for general relief.

On the 29th day of March, 1887, a decree was entered in said cause directing three commissioners therein named to go upon said real estate and partition the same—*First*, into three several tracts, of equal value, and assign one of said parts to said Martha Wilhelm, widow, as and for her dower therein, and one of said parts to the said Joseph Wilhelm, and one to Catherine Connell; *secondly*, into two several parts, of equal value, which they shall assign the one part to the said Joseph Wilhelm, and the other to the said Catherine Connell—and to report their proceedings to court.

Afterwards said Martha Wilhelm filed her answer in the cause, in which she alleged that an the 1st day of July, 1880, she brought her suit for dower in said lands against said Catherine A. Connell and Joseph Wilhelm, and that pending said suit she made an agreement in writing, on the 17th day of November, 1882, with the plaintiffs, wherein it was agreed that she should be paid, commencing on the 25th day of May, 1880, the date of said George's death, the sum of one hundred dollars annually as and for her dower interest, to be paid equally by said Joseph Wilhelm and Catherine Connell, except as to the year 1882 to 1883, which year seventy five dollars was to be paid by said Joseph and twenty five dollars by said Catherine, and the said amount to be so paid annually was to be secured by deed of trust on said real estate; yet she alleged that she was willing that said real estate be sold, provided said sums of money due and owing from said Joseph and Catherine were secured by good personal security, as provided for in said agreement. She prayed for a decree against the said Joseph and Catherine for the amount due her under said agreement, with interest on said sums annually after they become due, and as to such sums as might thereafter become

due her by virtue of said agreement, without in any manner waiving her claim and lien for dower, in and of the real estate named, by reason of the failure of said parties to fulfill and execute the said agreement on their part; and she asks such relief as she may be entitled to.

On the 7th day of April, 1888, a decree was rendered in said cause by consent of the parties, including said Martha Wilhelm, in which, after reciting the fact that the report of the commissioner appointed to make partition of said lands had been filed, and that it appeared from their report that they had assigned to Joseph Wilhelm that portion on the map of survey returned therewith as No. 1, containing one hundred and thirty four acres, and to Catherine A. Connell the other part, described in said map of survey as No. 2, containing one hundred and thirteen acres, in lieu of the usual decree confirming the report of said commissioners, it was decreed that said real estate be sold by consent of parties, who appeared by attorneys, consenting to a sale of the real estate in the bill and exhibits mentioned, agreeing and consenting that the same might be sold either as an entire tract, or in two separate tracts, as reported by said commissioners of partition.

Thereupon special commissioners were appointed to make sale of said real estate, either as an entire tract or in two separate tracts, one of one hundred and thirty four acres, and one of one hundred and thirteen acres, divided after the manner reported by said commissioners of partition as might be most advantageous to the interests of all parties, prescribing the manner and terms of sale, and requiring said commissioners to enter into bond in the penalty of twelve thousand dollars before the clerk before proceeding to make such sale, and requiring said commissioners to report their proceedings to the next term of said court.

On the 8th day of November, 1890, another decree was rendered in said cause, in which it is stated that, it appearing to the court that the order for sale of the real estate in the bill and proceedings mentioned entered by agreement of parties on the 7th day of April, 1888, had never been executed, and that no report of sale under said order had

been made, it was ordered that John R. Donehoo be appointed a special commissioner to make sale of said real estate upon the same terms and conditions mentioned in said consent decree of April 7, 1888, and requiring said commissioner to enter into bond, with security, in the penalty of twelve thousand dollars before proceeding to make said sale.

On the 4th day of December, 1890, the said Catherine A. Connell presented her petition, in which, after referring to said consent decree, she states that A. Flanagan and John A. Campbell, the special commissioners named in said decree, proceeded to advertise such sale on the 26th of June, 1888, and, after offering the property for sale as provided in the decree, sold the parcel set apart by said commissioners to Joseph Wilhelm, containing one hundred and thirty four acres, to petitioner for the sum of forty two dollars per acre, said sale being made with the knowledge and concurrence of all parties in interest, and especially of said Joseph Wilhelm, and said purchase-money in different instalments therein specified has been paid in full to said commissioners; that she has taken possession and exercised ownership by renting, receiving rents, paying the taxes and the like ever since the sale, and that as to said sale and possession thereunder said Joseph Wilhelm had and has full knowledge, and has not objected to either, as far as she is aware; that, since the adjournment of the November term of said court, she has been greatly surprised to learn that a decree was entered in said suit at said term directing the sale of said George Wilhelm tract of land as a whole, or in designated parcels, and appointing John R. Donehoo special commissioner to make such sale, and she charges that neither she, nor said commissioners, nor her agent or attorney, had any notice of the intention to apply for said decree; that "in said decree it is stated, substantially, that it appeared to the court that the order for the sale of the real estate in the bill and proceedings mentioned entered by agreement on the 7th day of April, 1888, has never been executed, and no report of sale under said order made; that, if by this is meant that no sale had ever been made, she says that the recital is wholly erroneous in its

statement of facts, but, if it was meant that any failure of the commissioners to report their proceedings (of which she knows nothing) renders invalid the sale to her, then she submits that she is not responsible for such failure, if failure there be, and ought not to be prejudiced thereby, and that, in any event, she was entitled to have notice, from whomever may be moving in the matter, of the intention to apply for an order of resale; that the decree under which the sale was made to her was, as appears, a consent decree, especially as between her and her brother, the said Joseph Wilhelm, the owners of the said George Wilhelm tract, and the sale of the tract of one hundred and thirty four acres was also made by consent, she not desiring at the time of the sale to part with the land assigned to her by the commissioners of partition, nor does she now desire that it be sold, or offered for sale, under decree of court.

For these reasons she submits that the decree complained of should be set aside as irregular; that her petition may be filed in the cause; that a rehearing be allowed, and said last-named decree may be annulled and held for naught; and that said special commissioner Donehoo be enjoined and restrained from selling said tract of land under said decree as a whole, or in parcels, as he proposes to do, as appears by an advertisement published in the newspaper.

On the 3d day of January, 1891, said special commissioners Campbell and Flanagan, appointed by said consent decree, made their report to court, in which they set forth the facts in regard to their advertisement and sale of said one hundred and thirty four-acre tract to said Catherine A. Connell for forty two dollars per acre, aggregating five thousand six hundred and twenty eight dollars, and that she had paid the entire purchase-money, which was paid at different times, and all of which would have been paid sooner but for the absence of John A. Campbell, the commissioner who had received the other payments; that the other parcel, containing about one hundred and ten acres, was not sold because Mrs. Connell, the owner of one half of the entire tract, having purchased the Joseph Wilhelm interest, and there being no lien debts against her interest, there was no object in selling it, and it was understood she

did not desire it sold, but preferred to become the owner of the whole; that said Joseph Wilhelm was at the time largely indebted to sundry parties who held liens against his undivided interest by deeds of trust or otherwise, said lien debts amounting to five or six thousand dollars, which claims were readily ascertainable, and not controverted in any way; commissioners paid certain debts of said Joseph Wilhelm out of the proceeds of said sale, setting forth the amounts paid, and to whom paid, in their report, leaving a balance in the hands of said commissioners unexpended amounting to three thousand nine hundred and thirty four dollars and fifty eight cents, and that said commissioners, out of the first one thousand dollars tendered and offered to pay to Martha Wilhelm, widow, the sum of five hundred and sixty dollars, the amount due her at that time, as for her dower in the said real estate up to the date of sale, which payment was by her refused; and that said widow has since departed this life.

This report was excepted to by the defendant Joseph Wilhelm: (1) Because both of said parcels of land were not sold under the directions of said consent decree; (2) because said commissioners attempted to sell said one hundred and thirty four acres as if it were the several property of the said Joseph Wilhelm, and have applied the proceeds of the sale to the payment of his debts; (3) because said commissioners did offer for sale the whole of said tract, and also the said one hundred and thirty four acres, yet they never offered for sale the parcel that had been allotted to Catherine Connell by the commissioners appointed to make said partition; (4) because said Catherine A. Connell failed to comply with the terms of the sale; (5) because the price bid for said one hundred and thirty four acres was wholly inadequate; (6) because the special commissioners attempted to disburse a part of the funds that came into their hands without any order of court to this effect, and without the consent of Joseph Wilhelm; (7) because they have paid the costs of said sale, for which Catherine Connell is equally liable, out of the funds in their hands, although in other respects they have treated such funds as the property of Joseph Wilhelm.

No depositions were taken in the cause, but affidavits were filed by said special commissioners, by the defendant Joseph Wilhelm, by D. F. Connell, and by several others; and on the 8th day of June, 1891, a decree was rendered, in which it was recited° that, it appearing from the report that the said commissioners, on the 26th day of June, 1888, in pursuance of the decree of April 7, 1888, after due advertisement, sold the interest of the defendant Joseph Wilhelm in and to the real estate in the bill and proceedings mentioned, to wit, the George Wilhelm farm, situated in Grant district, in Hancock county, which interest had been by the report of the commissioners of partition designated by metes and bounds, making a parcel of one hundred and thirty four acres, to Catherine A. Connell, one of the plaintiffs, and the owner of one moiety of the said real estate, for the sum of forty two dollars per acre, and it further appearing that the purchase-money has been fully paid to the said commissioners of sale, it was adjudged, ordered, and decreed that the said sale to the said Catherine A. Connell be, and the same was thereby, confirmed, and said special commissioners were directed to make to the said Catherine A. Connell a deed, with special warranty, for said interest or parcel so sold, and the remaining portion or parcel of said real estate, containing about one hundred and ten acres, was allotted to said Catherine A. Connell as her interest or share as heir at law of her father, George Wilhelm, deceased, and said cause was referred to a commissioner to ascertain and report the liens existing at the time of said sale, and those then existing, with their amounts and priorities, and the sums paid by said commissioners in satisfaction, in whole or in part, of said liens, the dates of payment, and the persons to whom made, and any other matter deemed pertinent by him, or by any party in interest; to which decree the said Joseph Wilhelm objected, and from which he appealed.

Many of the errors relied on by the appellant in this case are eliminated by a consideration of the fact that the decree rendered therein on the 7th day of April, 1888, was a consent-decree, signed not only by counsel for the plaintiff, but by counsel for Joseph Wilhelm,

and the widow, Martha Wilhelm; and that decree shows that the cause was then heard upon the report of the commissioners appointed to make partition of said land, and recites the fact that said report had been returned and filed, together with a survey or plat of the land, assigning to Joseph Wilhelm lot No. 1, containing one hundred and thirty four acres, and to Catherine A. Connell the other part, containing one hundred and thirteen acres; and said report does not appear to have been excepted to, but, on the contrary, appears to have been acquiesced in, for the consent-decree proceeds, without formally confirming the report of said partition, to direct a sale of said real estate; either as an entire tract or in two separate tracts, as reported by said commissioners of partition.

In pursuance of this decree the commissioners appointed to make sale thereof first offered the same as an entire tract, and, receiving no sufficient bids therefor, they deemed it best to offer the one hundred and thirty four-acre tract, which, after sundry bids, was sold to Catherine A. Connell for forty two dollars per acre, aggregating five thousand six hundred and twenty eight dollars; and the remaining tract, of one hundred and thirteen acres, which had been allotted to Mrs. Catherine A. Connell, was neither offered for sale nor sold by said commissioners as a separate parcel, and this forms one of the grounds for exception on the part of the defendant Joseph Wilhelm to said commissioners' report. Of this, however, the appellant can not be heard to complain, for the reason that in said consent-decree. he agreed that said special commissioners might sell said land as an entire tract, or in two separate tracts, of one hundred and thirty four and one hundred and thirteen acres each, divided after the manner reported by said commissioners of partition as might be most advantageous to the interest of all parties, thus conferring upon said special commissioners full power to use their own discretion in the matter.

In pursuance of the power thus vested the entire tract was offered twice, and no acceptable bids therefor were made. Then, using that discretion which had been conferred on them by consent, they offered the one hundred and thirty four-acre tract which had been allotted by said com-

missioners to appellant, and, after several bids and one adjournment had been made, it was sold to the plaintiff Catherine A. Connell, who was the highest and best bidder therefor.

Now, after said Catherine A. Connell had been accepted as a purchaser of said one hundred and thirty four-acre tract, what benefit would the said Joseph Wilhelm derive from a sale of the one hundred and thirteen-acre tract, which had been allotted to his sister, Catherine A. Connell, if it was sold, and she bought it in, which would have been the most probable result, as she seemed to bid more than any one else for the other tract? There being no debts or liens against it, the commissioners would have allowed her to retain the purchase-money, or, if she paid it, would have returned it to her, so that the appellant would have been neither benefited nor injured by a sale of said one hundred and thirteen-acre tract.

It is true that said consent-decree did not formally confirm said report of commissioners, but it provided that, in lieu of the usual decree confirming the report of said commissioners, that said land might be sold in separate tracts, as reported by said commissioners, clearly intending that the proceeds of the respective lots, if so sold, should be paid to the parties entitled thereto under said report made by the commissioners of partition; and while it is true that, until said report of the commissioners of partition was confirmed, said appellant would still retain his undivided interest in said one hundred and thirteen-acre tract, yet this decree must be regarded as merely interlocutory, and nothing prevented the court from confirming the action of said commissioners of partition as to said one hundred and thirteen acres, as it did in said decree of June 8, 1891, and confirming the sale of said one hundred and thirteen-acre tract, as the property of appellant, under said report of commissioners of partition.

Again, it appears that sale was adjourned by consent of the parties in interest, who were present, until the 26th of June, 1888, when said one hundred and thirty four acres of land were sold, and this sale was acquiesced in by said Joseph Wilhelm until November 8, 1890, nearly two years

and six months before said second order of sale was obtained at his instance; and, by thus acquiescing in the action of said commissioners for such a length of time, allowing them to collect and disburse the purchase-money in payment of his debts, he is now estopped from objecting to their action in the matter.

It is true that the commissioners appointed to execute said sale did not act with that promptness in making their report which is usually required of commissioners appointed to carry out such orders of the court, and it is also true that they committed other apparent irregularities in disbursing the purchase-money for said one hundred and thirty four-acre tract, as it was received, in payment of certain debts of said Joseph Wilhelm; but John A. Campbell, one of the commissioners, in his affidavit filed in the cause states that his cocommissioner, Mr. A. Flanagan, was a brother-in-law of the appellant, and, as he understood, represented the interests of appellant; that they both waived their commissions, so that the sale would be inexpensive, and in consultation with his cocommissioner paid what was paid on the indebtedness of appellant in order to stop interest, and, under all of the circumstances detailed, it can hardly be presumed that appellant was ignorant of the action of said commissioners in making sale of said one hundred and thirty four-acre tract, as he admits in his affidavit knowledge that said Catherine A. Connell took possession of said land, but claims that such possession was only as joint tenant with himself.

He, however, states in said affidavit that the postponement of the sale by said commissioners was made and was agreed to by him solely for the reason of insufficient bids at said first day's attempt at sale, and with a view to obtain better bids. This clearly shows that he was cognizant of the action of said commissioners looking towards a sale of said property, and yet he states in his affidavits that said second order of sale was made at his special instance; and this order was obtained, we must presume, with a full knowledge that said one hundred and thirty four-acre tract had been sold by commissioners Campbell and Flanagan, the latter of whom was his brother-in-law and agent.

Said second decree of sale recites that it appears to the court that the decree entered by agreement on the 7th day of April, 1888, had never been executed, and no report of sale under said order had been made, and proceeds to appoint another and different commissioners, and direct another sale, without removing the former commissioners or vacating their powers. Such we do not consider to be the practice, but when a commissioner is guilty of unusual laches in the performance of the duties required of him by the decree, or fails to report his proceedings, the court will in the first instance award a rule against him to show cause why he has not complied with the requirements of the decree, and that course in this case would have elicited a response which would have shown that there was no necessity for the second decree of sale.

Again, in the case of *Hughes* v. *Hamilton*, 19 W. Va. 368, section 16 of syllabus, this Court held that, "in sales made by commissioners under decrees and orders of a court of equity, the purchasers who have bid off the property and paid their deposits in good faith are considered as having inchoate rights which entitle them to a hearing upon the question whether the sale shall be set aside.

As to the question of inadequacy of price raised by exception to said report, this court has held in the case of *Tracy* v. *Shumate*, 22 W. Va. 474, that "parol evidence to establish the fact of a sale at an inadequate price must be very clear, especially where there has been a great lapse of time between the sale and confirmation thereof, during which time no advance bid has been made to the court."

In the case at bar no advanced bid appears to have been made. The appellant in his affidavit expresses his opinion that the land at the time of sale was worth fifty dollars per acre, and Watson Johnston in his affidavit expresses the opinion that on the 10th January, 1891, nearly three years after the sale, said land was worth sixty dollars per acre, and Mr. Flanagan, one of the commissioners, in his affidavit says he thought the land ought to have sold for fifty dollars per acre, and he believes it was then worth that.

In the case of *Kable* v. *Mitchell*, 9 W. Va. 492, this Court held that "the court may, in the exercise of sound discre-

tion, either affirm or set aside the sale, where, from the facts, evidence, and circumstances before it, it appears clearly that the sale was made at a greatly inadequate price; and the court may solve the question upon affidavits or depositions in connection with the fact that a greatly larger price is offered to the court for the land, and secured or offered to be secured; or it may set the sale aside upon any evidence or fact or facts before it which clearly shows that the land sold at a greatly inadequate price."

In the case of *Moran* v. *Clark*, 30 W. Va. 359, it was held that, "where there had been two sales of real property, one under a deed of trust and the other at a judicial sale, made not far from each other in point of time, both sales at two thousand dollars, and affidavits were filed stating that the property was worth at the time affidavits were taken from three thousand dollars to three thousand five hundred dollars, and affiant believes in the near future said property could be sold for an advance of from five hundred dollars to one thousand dollars over the price of two thousand dollars for which it sold, and another affidavit showed it sold for a fair price, this Court refused, on the mere ground of inadequacy, to set aside the sale."

In the light of these precedents, our conclusion is that this Court would not be warranted in setting aside the sale made in this case on the ground of inadequacy of price.

As to the exception to the report of said commissioners because they attempted to disburse a part of the proceeds of sale without any order of court, and without the consent of the appellant, this is a matter for which said commissioners must account to the court, and which would be covered by the bond required by statute for the faithful performance of their duty; and the question as to whether said funds have been properly applied may arise and be determined hereafter, upon the coming in of the report of the commissioner, who was directed to take and state an account showing the liens existing at the time of said sale, and those now existing, with their amounts and priorities, and the sums paid by the commissioners in satisfaction, in whole or in part, of said liens, the date of payments, and the persons to whom made; and the seventh exception,

which relates to the payment of costs by said commissioners, will be brought before the court in the same manner. For these reasons we conclude that the Circuit Court committed no error in overruling the exception to said commissioner's report.

It is also assigned as error that said decree was rendered in the absence of necessary parties; that Martha Wilhelm was a party to the suit having material interests involved, and was a party to the consent-decree of April. 7, 1888; that she is since deceased, her rights and interests are wholly ignored, and her personal representative was a necessary party. Mrs. Martha Wilhelm was a party to the suit, and, as such, consented to the sale, and in her answer filed in the cause she sets forth sums she was entitled to under an agreement. The decree complained of in no manner disposes of the proceeds of the sale of said land, or in any manner prejudices the estate of said Martha Wilhelm. Her death, however, having come to the knowledge of the court by the report of said special commissioners, her personal representative should be made a party; and there is nothing in the decree complained of that in any manner precludes her estate from being fully protected by a future decree; which decree, however, must provide that the widow's dower, being a lien on the entire tract of two hundred and forty acres, should be paid in equal proportions by said Joseph Wilhelm and Catherine Connell.

For these reasons we are of opinion that there is no error in the decree complained of, and for that reason the same must be affirmed, with costs and damages to the appellant, and the cause is remanded for further proceedings to be had therein.

Affirmed. Remanded.