# CHARLESTON.

I. D. Morgan *et al.* v. Emma M. Ice *et al.*

Submitted January 22, 1918.   Decided January 29, 1918.

Appeal and Error—*Reversal of Decree of Sale and Confirmation —Title of Purchaser.*

If when land is sold and the sale confirmed in a judicial proceeding to vacate a former sale by the owner made to defraud creditors, in which cause persons having substantial pecuniary interest in the land and the right to charge it as trust property subject to the lien of a decree against such former owner assigned to them by the receiver of an insolvent state bank of which they were stockholders and creditors, were not parties plaintiff or defendant, wherefore and for other reasons the decree of sale and confirmation were reversed, upon appeal, the title of the purchaser is not protected by sec. 8, ch. 132, Code, but falls with the reversal.

Appeal from Circuit Court, Wetzel County.

Suit by I. D. Morgan, surviving trustee, etc., and others against Emma M. Ice, N. J. Seaman, and others. Decree for plaintiffs, and defendant Seaman appeals.

*Affirmed.*

*Thos. P. Jacobs,* for appellant.

*John Ross, Jr.,* and L. *Carlin,* for appellee I. D. Morgan.

*Thos. H. Cornett,* for appellees Emma M. Ice and others.

LYNCH, JUDGE:

The only question that requires investigation upon this appeal is whether the title of a purchaser at a judicial sale confirmed, is protected by section 8 of chapter 132 of the Code which says: "If a sale of property be made under a decree or order of a court and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled thereto". Both the decree of sale and the decree of confirmation were reversed and annulled by this court upon a former appeal for reasons stated in the opinion reported in 92 S. E. 340. Acting upon the assumption that the reversal of the cause because of the absence of the parties whose financial interests necessarily were impaired and prejudiced by proceedings had in their absence, the circuit court remanded the cause to rules for amendment by the introduction of the parties omitted, and though not expressly declaring that the title acquired lapsed upon the reversal, it did by the order complained of direct the commissioners who made the sale to refund to the purchaser, now the appellant, the cash payment and redeliver the notes executed for the balance remaining unpaid.

Although upon a cursory inspection the statute seems to be expressed in general terms and contains no exceptions, it has frequently been interpreted not to include sales made pursuant to an order or decree which is ineffectual because not binding upon persons as to whom the court had no jurisdiction, and whose rights apparently and materially were prejudiced by such action. That certainly is the rule laid

down in *Capehart* v. *Dowery,* 10 W. Va. 130, 142-3, where by way of interpretation of the statute it is said: "Of course it must be understood that such sale is made in a case where the parties interested in the property are before the court and the decree of sale, the sale and the confirmation are free from fraud". The converse of the proposition is stated in the opinion also, as if intended to foreclose any question and to exclude any doubt that might arise in the application of the provision. The precise situation arose in *Underwood* v. *Underwood,* 22 W. Va. 303, 307, where after holding the bill fatally defective upon demurrer for the want of necessary parties the court observed: "The sale of the two lots of land will fall with the decrees. The purchasers can get no title until the parties having an interest in the land are before the court". See also *Underwood* v. *Pack,* 23 W. Va. 704, 708, where the title was sustained and held valid, but the persons interested were parties to the suit; *Pappenheimer* v. *Roberts,* 24 W. Va. 702, 712; *Hull* v. *Hull's Heirs,* 26 W. Va. 1, 30; *Peck* v. *Chambers,* 44 W. Va. 270, 277-8; *Dunfee* v. *Childs,* 45 W. Va. 155, 164-5; *McGhee* v. *Sampselle,* 47 W. Va. 352, 360; cases which while sustaining the title of the purchaser where the interested parties were before the court refused to sustain where they were not.

The authors of the opinions in these cases embody in them and approve the quotation taken from *Capehart* v. *Dowery, supra.* But it is said this case is not controlled by them for the reason that the sale was confirmed without exceptions to the report or decree of confirmation; and as tending to show the necessity therefor before the sale can be assailed as invalid the following excerpt from the opinion in the Capehart case is quoted: "By the express provision of the statute a title acquired by a purchaser at a judicial sale shall not be affected by the reversal or setting aside of the decree or order under which the sale was made; but if there were reasons why the sale should not be confirmed and exceptions made to the reported sale and the confirmation thereof and these reasons show that the sale was improper and should not be confirmed, then the title of the purchaser would be affected by these facts; but if the sale is confirmed without exceptions to

the report or objections to its confirmation, then such title as the purchaser acquired at the sale is not affected by the reversal or setting aside of the decree or order under which the sale was made".

What is said in an opinion must be interpreted and understood in the light furnished by an inspection of the facts of the particular case. In the Capehart case there was not raised any question of the lack of jurisdiction because of the absence of any person as a party interested in the property attached and sold. Such parties actually were present and contested the grounds stated in the affidavit upon which the attachment issued. Failing in this they did not attempt to show cause against the entry of the order of sale, except to the report of sale or object to its confirmation: but without protest, exception or objection permitted the orders to be consummated without further complaint. But as held and contended for by counsel upon the former hearing the proceedings in this suit were erroneous in part because of the absence of parties vitally interested financially in the land involved and which was sold doubtless without their knowledge, certainly without their presence as parties to the cause.

Seeing no error we affirm the decree.          *Affirmed.*