## CHARLESTON.

JACKSON COUNTY BANK *v.* FIRST NATIONAL BANK OF REEDY *et al.*

FIRST NATIONAL BANK OF REEDY *v.* C. C. BROTTON *et al.*

Submitted September 27, 1921.    Decided October 4, 1921.

1. JUDGMENT CREDITOR'S SUIT—*Necessary Parties When Deeds of Trust Involved.*

   In a judgment creditor's suit, when deeds of trust with outstanding legal titles in trustees are involved, it is error for which the decree will be reversed to decree the amounts and priorities of the liens on the land of the judgment debtor proceeded against and his lands to be sold, without the presence as parties of the trustees holding the legal title. (p. 168):

2. SAME—*Procedure When Absence of Necessary Parties is Brought to Attention of Court.*

   When the absence of such necessary parties is brought to the attention of the court, though it be after such erroneous decree has been entered, the court should set aside the decree and require the bill to be amended and the absent parties and the legal title to the land to be brought before the court, and the parties affected by such erroneous decree given an opportunity to prove and have decreed to them their debts and liens in the order of priority to which they are entitled; and it is immaterial that one of the trust creditors was made a party to the suit and appeared before the commissioner and had audited a debt secured to him by a deed

of trust on one of the tracts of land properly proceeded against. (p. 170).

Appeal from Circuit Court, Wirt County.

Suits by the Jackson County Bank against the First National Bank of Reedy and others and by the First National Bank of Reedy against C. C. Brotton and others, in which the Jackson County Bank and J. H. Smith, its trustee, intervened. The suits were consolidated, and from a decree therein the interveners appeal.

*Reversed and remanded.*

*T. J. Sayre, K. K. Sayre, and J. L. Wolfe,* for appellants.
*S. P. Bell* and *James L. Smith,* for appellees.

MILLER, JUDGE:

The second of the above styled suits, a judgment creditor's suit, was the first to be brought, in Wirt County, in which the Jackson County Bank and J. H. Smith, Trustee, were made defendants. The only allegations against the Jackson County Bank and J. H. Smith, Trustee, were that the bank held a deed of trust executed by C. C. Brotton and wife to Smith, Trustee, covering certain lands in Wirt County. Neither the Jackson County Bank nor its trustee, Smith, answered the bill, but the bank by its cashier, Cole, appeared before the commissioner to whom the cause was referred and proved the bank's debt secured by the deed of trust on the lands of the trust debtor in Wirt County; but being ignorant of the fact that the bill also involved the lands of Brotton in Jackson County, on which the bank held another deed of trust, and in which one K. K. Hyre was the trustee, to secure another and different debt, and as to which no allegation was made in the bill, no proof was offered of the existence or amount of this debt, except that in his testimony before the commissioner, in referring to a payment made it by Archer, the trustee in a third deed of trust on the Jackson County land, Cole explained that that payment was upon a debt secured to it by a trust deed on land in Jackson County and not on the debt secured by the deed of trust to Smith, trustee, on the Wirt County land. Wherefore, there being no exceptions to the commis-

sioner's report, the court, in determining the liens and their priorities on the lands of the debtor in Wirt County and Jackson County, and ordering the sale thereof, made no decree in favor of the Jackson County Bank for its trust lien on the land in Jackson County. This decree was pronounced on September 9th, 1919. Subsequently, on January 7th, 1920, the Jackson County Bank appeared in court and filed its plea, and Hyre, its trustee, on the same day also intervened by petition, each setting up their respective rights as lienor and trustee, explaining the bank's omission to prove its lien on the Jackson County land, and that Hyre, the trustee, had not been made a party to the suit, so as to bring before the court the outstanding legal title to the land covered by the deed of trust of May 25, 1918, and asking that the plaintiff be required to amend its bill.

Upon the filing of these pleadings, the circuit court, on January 7, 1920, suspended the sale of the 122¼ acres covered by the deed of trust to Hyre, Trustee, decreed to be sold, and adjudged that the cause be remanded to rules, and that process be issued to the several parties thereto to answer said petition, and that the bill of complaint should be amended by making Hyre, Trustee, a party thereto, and by proper allegations set up the said deed of trust.

The first of the above styled suits—that of the Jackson County Bank against the First National Bank of Reedy et al.—shows that while it was still pending at rules, the bill in the original suit not having been amended nor process issued thereon as required, the Jackson County Bank, at the March rules, 1920, of said court, filed its answer to the original bill, in the nature of a cross-bill, making the parties to the former bill and Hyre, Trustee, parties thereto, and the papers and proceedings in the former suit parts thereof, and praying that the former decree made in the absence of the proper and necessary parties be set aside and held for naught, in so far as the same gave right and priority to the other creditors over the lien of respondent upon the 122¼ acres of land in Jackson County, and that respondent's rights be fully protected.

As already stated, the plaintiff in the original suit never

did amend its bill as required by the decree of January 7, 1920, but upon the filing of appellant's answer thereto, and making its trustee and others parties to the suit, the court, by the decree complained of, undertook to consolidate the two causes, namely, the original cause and the one introduced by appellant's answer, without requiring plaintiff to amend its bill as formerly ordered, and to dismiss appellant's case made upon its answer, and to deny it any relief in respect to the deed of trust of May 25, 1918, and ordering the commissioner appointed in the original suit to proceed to execute the decree of sale, thereby holding, according to the written opinion filed, that appellant, because of its failure to prove its debt secured by the deed of trust on the Jackson County land, had lost its right to participate in the proceeds of the sale thereof in the order of priority to which it would otherwise have been entitled.

So the sole question presented, and which is comprehensive of all the specific errors assigned in the decree appealed from, is: Did the appellant, the Jackson County Bank, lose the priority of its debt and lien in the way indicated, on the 122¼ acres of land in Jackson County? As already stated, the trustee, Hyre, in the deed of trust of May 25, 1918, had not at the time of the entry of the original decree of sale been made a party to the suit. Nor did the bill contain any allegation respecting appellant's lien on the 122½ acres. Nor did the court below, before reaffirming its prior decree of sale, require the plaintiff to amend its bill and bring in the necessary and proper parties. The theory of the circuit court seems to have been that as Hyre, Trustee, had filed his petition in the original suit and had been made a party defendant to appellant's cross-answer, which undertook to set up its rights, any defect of parties to, or subject matter of, the plaintiff's bill was cured thereby, justifying the decree dismissing appellant out of the cause and denying it the right on proper pleadings, and after the proper and necessary parties were before the court, to prove and have allowed and decreed to it its lien in the proper order of priority thereof on said Jackson County land. It seems to have been the opinion of the court that the statute, section 7 of chapter 139

of the Code, made the decree of sale pronounced on the commissioner's report in the original cause a bar to the lien of the bank. That statute would undoubtedly be applicable if the court at the time of its decree of sale had had before it the necessary parties and subject matter. But in this case, as the court before the filing of appellant's answer determined that the bill was defective in point of necessary allegations and of parties, if correct in this, unless cured by the answer of appellant and process thereon, the error in the decree remains, and the order that plaintiff amend its bill and bring in the necessary parties has not been complied with.

At the time of the original decree of sale the legal title to the 122¼ acres in Jackson County was outstanding in Hyre, Trustee, and the court had not before it that title to dispose of. The decree of sale as to the tract involved here remains unexecuted, and we have no question presented as to the rights of a purchaser under such decree. The futility of undertaking to decree a sale of the land when there are existing liens thereon by deeds of trust, without the presence as parties of the trustees in such deeds has been repeatedly adjudicated in former decisions. It was so decided in *Bilmyer* v. *Sherman*, 23 W. Va. 656; *McMillan* v. *Hickman*, 35 W. Va. 705; *Turk* v. *Skiles*, 38 W. Va. 404; *Farmers' Bank of Fairmont* v. *Watson*, 39 W. Va. 342; *First National Bank of Webster Springs* v. *McGraw*, 85 W. Va. 298, 307; *Bragg* v. *United Thacker Coal Company*, 70 W. Va. 655.

It is unnecessary to repeat here the reasoning of the cases cited for this proposition. The rule is too well settled to depart from it in this case. In *Bilmyer* v. *Sherman, supra,* it was said a decree of sale in the absence of the trustee holding the legal title would be reversed although the trust creditor had had his debt audited in the suit. See, also, *Marshall's Ex'or* v. *Hall*, 42 W. Va. 641, 646. In *McMillan* v. *Hickman, supra,* the necessity of bringing in as parties trustees holding the legal title before decreeing the sale of a debtor's land was declared and reenforced, and reference was made to the statute making it the duty of a plaintiff in a judgment creditor's suit to make all lien creditors disclosed by the record parties thereto. Counsel for plaintiff in this case excuses

his omission to make Hyre, Trustee, a party by alleging in a reply to appellant's plea that in examining the records of Jackson County he overlooked the deed of trust to Hyre, Trustee, though it appears to have been duly recorded and might easily have been found.

The absence of Hyre, Trustee, was, as we have already said, brought to the attention of the court, not only by the plea of the appellant, but also by the petition of Hyre, Trustee. When his absence was thus made to appear, it was the duty of the court to have set aside the prior decree, and that is what it undertook to do, and require the plaintiff to amend its bill and implead all necessary parties before undertaking to adjudicate the rights and priorities of any of the parties to the suit, and it could make no difference, as our decisions hold, how the absence of the necessary party was brought to the attention of the court. *Gallatin L. C. & O. Co. v. Davis*, 44 W. Va. 109.

Our conclusion is to reverse the decree and remand the cause for further proceedings to be had in accordance with the views herein expressed.

*Reversed and remanded.*