ALICE E. SNODGRASS *et al. v.* COLUMBUS A. SNODGRASS *et al.*

(No. 8422)

Submitted October 20, 1936. Decided December 15, 1936.

*Kennis K. Snodgrass* and *J. Harper Meredith,* for appellant.

*Ward Lanham* and *Victor H. Shaw,* for appellees.

MAXWELL, JUDGE:

On this appeal there is drawn in question the decree of the circuit court of Preston County of July 31, 1935, rejecting the petition and claims of Lusetta K. Snodgrass, appellant, filed in the chancery cause of Alice E. Snodgrass and others against Columbus A. Snodgrass and others.

The said cause was instituted September 29, 1922, in the circuit court of Marion County and subsequently removed to the Preston County circuit. The bill of complaint was filed at October Rules, 1922, and had for its purposes: to settle the estate of Charles R. Snodgrass, deceased husband of the principal plaintiff, Alice E. Snodgrass; to segregate and identify the assets of the Snodgrass Brothers partnership and to administer the same; and distribute the assets of the partnership.

The appellant is the widow of the principal defendant, Columbus A. Snodgrass. She is also a legatee under the will of her husband. The partnership was formed in 1888 by three brothers, Thomas, Charles and Columbus. At the time of the bringing of this suit, Columbus was the executor of the estates of both Thomas and Charles.

Upon the incoming of the report of the commissioner in chancery, November 7, 1931, Columbus tendered exceptions thereto. Pending consideration of the exceptions, the cause was on May 4, 1932, removed to Preston County. Three months later, Columbus died.

March 16, 1934, by reason of their interests, as disclosed by the will of Columbus, appellant and her two sons, Kennis and Myron, were by *scire facias* made defendants in the cause. She answered the bill of complaint and filed exceptions to the commissioner's report. The points raised by her exceptions are not material to the issue before us. Suffice to say, her exceptions were overruled save as to one item.

In her answer, she took cognizance of all the material allegations of the bill and further set up her claims as devisee under the will of her husband and, in conformity with the provisions thereof, prayed that she be decreed dower in the property of her husband; that subject to said dower interest and any debts of Columbus, she be held to be the owner of an undivided one-third interest in the residue of his estate as devised to her. In her answer, she did not assert any claim of debt against either the partnership or the estate of either partner.

September 10, 1934, the trial chancellor decreed that

appellant was entitled to the relief prayed for in her answer with reference to the rights she asserted in her husband's estate; that the partnership owed no debts; that there were no debts against the estate of Charles Snodgrass; that the heirs and distributees of each partner were entitled to one-third of the assets of the partnership as found by the court; and that the assets be sold by a commissioner appointed by the court and the proceeds distributed in said proportions.

Nine months after the entry of the decree aforesaid, but before there had been sale of any of the partnership properties, appellant tendered for filing a petition in which she asserted a claim of $14,600.00 with interest from April 15, 1902, against the partnership and a debt against the estate of Charles Snodgrass in the sum of $3,000.00 with interest from June 20, 1905. She alleges that these claims are for money loaned on the first note to the partnership, and on the second, to Columbus and Charles Snodgrass, and are represented by renewal notes dated April 15, 1912, which were filed with the petition. Appellant states no reason for not asserting these claims prior to the filing of her petition.

Plaintiffs moved to strike out and demurred to the petition. In support of their motion and demurrer, they relied upon the primary ground, among others, that the rights of appellant and all matters in controversy had been fully and completely adjudicated by the decree of September, 1934, and that appellant having been an active party defendant during the period in which all controversial matters were determined and not having made any timely objection to the decree finally settling the issues raised, she is foreclosed thereby.

Appellant relies upon Code 1931, 38-3-13 and 44-8-9, which permit a tardy creditor in a creditor's suit or one to settle the estate of a decedent to come in before final decree and have a claim allowed from any surplus fund. She further contends that there having been no sale of the property or final decree, the claims alleged in the petition should have been heard on their merits.

The points raised by plaintiffs in their motion to reject the petition were identical with the ones presented on demurrer thereto. The court's action in rejecting the petition on motion may be considered tantamount to sustaining the demurrer.

In the above statutes there appears the benign and charitable legislative purpose to make provision for belated creditors—those who for some fortuitous reason have not filed their claims with due promptness. Instead of leaving them remediless, the statute provides that they may share in any surplus which may remain after payment of debts of diligent creditors. There is nothing, however, in either of the statutes indicating legislative intent to make special provision for a claimant who was a party to the suit, answered the bill, asserted certain rights, and then, after final adjudication, undertook to present new claims.

Long before the decree of September 10, 1934, the appellant was made a defendant in the cause. The purpose of the suit was to settle the estate of Charles Snodgrass and the affairs of the partnership. In the very nature of things, there would necessarily follow an adjudication upon the estate of Charles Snodgrass and the assets of the partnership and a determination of the debts and liabilities, if any, of each, respectively. This, the court did by its decree aforesaid. Further, it adjudicated that there were no existing debts against either the partnership or the estate involved and that the partnership fund be distributed to the rightful beneficiaries. The appellant did not appeal. Therefore, she must be deemed to have accepted the adjudication as final.

The claims of appellant strike at the very foundation of the subject matter of the suit and to permit her to prosecute her claims months after entry of said decree would amount to a reopening of the basic issues already decided.

As to a creditor, a final decree closes the case in respect of all matters therein adjudicated, unless he can place himself within the provisions of one of the above statutes. This claimant not coming within the purview

of either of the statutes, there is no basis on which her delayed claims can be considered.

"After the expiration of the term at which such a decree (final) has been pronounced, the same cannot be re-opened for the reception of pleadings, setting up defenses as to any matter so decided or concluded. A defendant has no right of election to interpose his matters of defense singly and take separate successive trials and adjudications thereon. By allowing a cause to be decided without having set up a defense, or any one or more of his defenses, he is deemed to have waived all matters so withheld." *Barbour* v. *Tompkins*, 58 W. Va. 572, 52 S. E. 707. Of similar import: *Pugh* v. *Boone*, 111 W. Va. 273, 161 S. E. 227.

On the principles stated, we affirm the decree of July 31, 1935.

*Affirmed.*