349 S.E.2d 915

**J.A. WENDLING, INC.**

v.

**Alfred H. DOLDER, Jr., et al., Defendants, Below;**

**Margaret Carney Gibson, et al., Appellants.**

**No. 17037.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1986.

Decided Oct. 29, 1986.

George C. Duffield, Charleston, for appellants.

Charles E. Hurt, Hurt & Carrico, Charleston, for appellee.

MILLER, Chief Justice:

In this case, we are asked to decide whether the appellants, who are beneficiaries of a note secured by a deed of trust on a tract of real estate, received adequate notice that the tract was to be sold at a judicial sale in a creditors' suit.

This case involves a tract of land located in Belle, West Virginia, that was formerly owned by S.E. Carney. In a deed dated November 25, 1970, Mr. Carney and his wife sold this property to Seamless Contractors, Inc., and obtained a note secured by a deed of trust for approximately $6,500 as part of the purchase price. This deed of trust was prepared by Seamless Contractors' counsel, Charles E. Hurt, who was also named as the trustee. On January 18, 1971, the deed of trust was recorded in Kanawha County.

In 1973, Seamless Contractors sold this property to Alfred H. Dolder, Jr., and his wife, who then assumed the deed of trust payable to Mr. Carney. Mr. Carney died on March 14, 1979, his wife having predeceased him in July, 1978. His heirs who became the beneficiaries under the deed of trust after his death are the appellants in this case.

On October 3, 1979, Charles E. Hurt, as counsel for J.A. Wendling, Inc., filed a creditors' suit against Mr. Dolder, pursuant to W.Va.Code, 38–3–9 through –19, to enforce a number of judgments Wendling had against Mr. Dolder that had not yet been satisfied. Several creditors were named along with Mr. Dolder as defendants, as required by W.Va.Code, 38–3–10. Neither Mr. Carney nor the trustee of his deed of trust nor the appellants were named as parties.

The record reveals that a summons was personally served on each of the named defendants, pursuant to W.Va.Code, 38–3–10. A notice by publication was made in accordance with the requirements of W.Va. Code, 38–3–11. The Circuit Court of Kanawha County appointed a commissioner, pursuant to W.Va.Code, 38–3–12, to "ascertain and report all the liens, on the real estate or any part thereof of the judgment debtor, the holders of such liens, the amount due to each, and the priorities thereof."

In the commissioner's report subsequently presented to the trial court, Mr. Carney's deed of trust was not mentioned as a lien on the debtor's property. The trial court on January 29, 1982, confirmed the commissioner's report and ordered that the property owned by Mr. Dolder be sold.

Rather than pursuing the sale of Mr. Dolder's real estate, in September, 1983, Wendling amended its complaint to include a number of additional creditors as defendants. In this amended complaint, Mr. Carney was named and his deed of trust that had been assumed by Mr. Dolder was specifically mentioned. However, no one representing Mr. Carney's interest in the real estate was served with a summons despite the fact that the deed of trust was duly recorded in Kanawha County.

The same commissioner who had been appointed earlier was reappointed and caused a notice to creditors to be published under W.Va.Code, 38–3–11. In his report, the commissioner listed the liens on Mr. Dolder's property and stated their order of priority. Mr. Carney's deed of trust was not included in this report. After the trial court approved this report, Mr. Dolder's real estate was sold at public auction. On May 25, 1984, the trial court confirmed the sale and distributed the proceeds in accordance with the priority of the liens.

In September, 1984, the heirs of Mr. Carney petitioned the trial court, contending that they did not receive proper notice of the creditors' suit or judicial sale. They moved for summary judgment on the notice issue. The trial court held that the proper procedures were followed and that the heirs were not entitled to challenge the judicial sale after it had been completed. It entered a summary judgment against them.

The heirs argue that under *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and other United States Supreme Court decisions, publication of the notices in a newspaper of the creditors' suit and the judicial sale was not sufficient to meet due process requirements. We decline to address this constitutional issue in any detail because we believe that our statutory procedures were not followed. Our statutory procedures require personal service on lien creditors when a suit to enforce a judgment lien is filed. Consequently, *Mennonite* and related cases which deal with the question of the sufficiency of the initial notice are satisfied where personal service is required.

W.Va.Code, 38–3–10, requires, in part, that "[i]n every suit in equity to enforce a judgment, all persons having liens on the real estate sought to be subjected, by judgment or otherwise, shall be made parties plaintiff or defendant." In *Early v. G.T. Fogle & Co.*, 125 W.Va. 466, 470, 24 S.E.2d 899, 901 (1943), we discussed the procedure for enforcing a judgment lien from its common law origins to an earlier counterpart to W.Va.Code, 38–3–10, stating: "[T]his

Court has consistently adhered to the principle that the holder of a recorded lien is a necessary formal party to a judgment creditors' suit." *See also Dickerson v. Flanagan,* 103 W.Va. 233, 136 S.E. 854 (1927); *Jackson County Bank v. First National Bank of Reedy,* 89 W.Va. 165, 109 S.E. 719 (1921); *Pickens v. Love's Adm'r,* 44 W.Va. 725, 29 S.E. 1018 (1898); *Benson v. Snyder,* 42 W.Va. 223, 24 S.E. 880 (1896); *Bansimer v. Fell,* 39 W.Va. 448, 19 S.E. 545 (1894); *Norris, Caldwell & Co. v. Bean,* 17 W.Va. 655 (1881); *Neely v. Jones,* 16 W.Va. 625 (1880).

█ The necessity for serving process on such formal parties in a creditors' suit was reaffirmed in Syllabus Point 1 of *Gaymont Fuel Co. v. Price,* 135 W.Va. 785, 65 S.E.2d 393 (1951):

"A decree of sale of land made in a creditors' suit without the issuance and service of process on the record owners of the legal and equitable titles of such land, the land not having been otherwise reduced to possession of the court entering such decree, by lawful process or otherwise, is void, as to such owners and their land."

In *Gaymont,* 135 W.Va. at 793, 65 S.E.2d at 397, we spoke specifically to the necessity of joining as parties the trustee and the beneficiaries of a deed of trust:

"Numerous decisions of this Court have indicated the necessity for the presence of the trustee in a deed of trust where it is sought to subject the land conveyed by such deed of trust to the satisfaction of debts. *See Bank v. Bank of Reedy,* 89 W.Va. 165, 109 S.E. 719 [ (1921) ]. The beneficiaries should likewise be made parties to a suit which materially affects the trust property. *McKenzie v. Tarr,* 105 W.Va. 503, 143 S.E. 231 [ (1928) ]."

█ *Gaymont* 's holding rests upon the broader principle earlier announced in Syllabus Point 7 of *Pappenheimer v. Roberts,* 24 W.Va. 702 (1884):

"If in a suit brought by a judgment-creditor to subject the lands of his debtor to the payment of his judgment, and the land has been sold under a decree in the cause, and the sale has been confirmed, and it appears that the necessary parties were not formally or informally before the court, the decree ordering the sale to be made, as well as the decree confirming the sale made in pursuance thereof, will be reversed and the sale set aside."

*See also Norris, Caldwell & Co. v. Bean, supra;* Syllabus Point 9, *Neely v. Jones, supra.*[1]

Wendling relies upon *Snodgrass v. Snodgrass,* 118 W.Va. 150, 189 S.E. 137 (1936), which involved a suit in equity to settle an estate, part of which involved identifying the assets of a partnership in which the deceased had been a member. The appellant, after answering the complaint and asserting various claims, waited some nine months after the decree settling the estate matters to assert claims against the partnership which had existed for a long period of time. This Court concluded that these claims came too late and that by " 'allowing a cause to be decided without having set up a defense, or any one or more of his defenses, he is deemed to have waived all matters so withheld.' " 118 W.Va. at 154, 189 S.E. at 139. (Citations omitted). The suit in *Snodgrass* was not a creditors' suit[2] and more importantly, it involved a properly served party who had waited until after a final judgment had been entered to assert new claims that could have been asserted earlier.

█ Wendling also argues that no relief by way of setting aside the sale can be awarded, but only "restitution of the proceeds of the sale to those entitled" under

---

1. Implicit in these decisions is the principle that even though W.Va.Code, 38–3–11, provides that publication of a notice in a newspaper "shall be equivalent to the personal service thereof on all persons holding liens," it does not relieve the parties in a creditors' suit from personally serving a summons on all recorded lienholders as required by W.Va.Code, 38–3–10. *See also Marshall v. Hall,* 42 W.Va. 641, 26 S.E. 300 (1896).

2. In *Snodgrass,* there was a reference to W.Va. Code, 38–3–13, with the Court holding it was inapplicable.

W.Va.Code, 55–12–8.[3]   This same argument was advanced and rejected in *Pappenheimer* where the Court said that W.Va.Code, 55–12–8, is designed to apply only "where the parties interested in the property are before the court, and the decree of sale, and the sale itself, and the confirmation of the sale, are free from fraud." 24 W.Va. at 712. *See also Ferrell v. Ferrell*, 103 W.Va. 704, 138 S.E. 399 (1927); *Morgan v. Ice*, 81 W.Va. 545, 94 S.E. 951 (1918).

From these principles, we conclude the appellants are correct in their assertion that there was no proper service of process on them in this case.  For this reason, the trial court erred in dismissing their petition.[4]

For the foregoing reasons, we reverse the Circuit Court of Kanawha County and remand the case for further proceedings consistent with the principles discussed herein.

Reversed and Remanded.

**3.** W.Va.Code, 55–12–8, provides: "If a sale of property be made under a decree or order of a court, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled."

**4.** In its response to the motion for summary judgment filed below, Wendling asserts that the purchaser of the tract of land in question was not made a party.  On remand, the purchaser of the property must be made a party to this action.  Syllabus Point 2, *Connell v. Wilhelm*, 36 W.Va. 598, 15 S.E. 245 (1892); Syllabus Point 15, *Hughes & Co. v. Hamilton*, 19 W.Va. 366 (1882).