# WHEELING.

MYERS VS. MYERS, ET ALS.

ENOS MYERS, PLAINTIFF AND APPELLEE *against* JACOB MYERS, WILLIAM PRICE AND OTHERS, DEFENDANTS AND APPELLANTS.

1873.
June Term.

| 6  | 369 |
| 38 | 121 |

---

Decided July 12th, 1873.

---

## SYLLABUS.

In a suit in chancery, infant defendants can only appear and defend by guardian *ad litem*, who must be appointed by the court, and make answer on their behalf. In an appellate court, if the record does not satisfactorily show that this course has been taken, the infant will not be regarded as properly before the court, or bound by its decrees. The decree will be reversed, and the cause remanded with leave to make parties, and further proceedings.

The case is stated in the opinion of the Court.

*Fleming* for Appellants.

*Berkshire* for Appellee.

45

1873.
June Term.

Myers
v.
Myers
et als.

PAULL, Judge.

The bill in this case was filed by a purchaser from one of a number of heirs at law, of a party dying intestate, for a partition of real estate. Some of these heirs are infants, for whom a guardian *ad litem* was appointed, and who filed an answer on their behalf. Two of them however, to-wit, E. J. Tennant and Telva Tennant are not named in any summons appearing in the record. The bill however makes them parties Defendants, and the first decree entered in the cause recites that the cause came on to be heard upon the answer of the infant Defendants, by their guardian *ad litem,* order of publication duly executed as to the absent Defendants, process duly executed on the other Defendants, &c. An infant can only make defence by a guardian *ad litem,* and one should be appointed by the court for that purpose. Parker and others *vs.* McCoy and others, 10 Gratt, 594. The record does not show that any guardian *ad litem* was appointed for these infant Defendants, although it does for others, nor that any answer was filed on their behalf. The language of the bill and of the decree therefore may be strictly true, without its being seen by this Court that these infants have been properly made parties, or have appeared and been properly defended. The record not disclosing the fact that they were before the Court in the only way in which they can appear and defend, this Court must regard the proceedings as fatally defective. The decrees entered in this cause must be reversed with costs to the appellant Jacob Myers, and the cause is remanded to the Circuit Court of Monongalia county, with leave to the Plaintiff to make additional parties, and for further proceedings.

HOFFMAN and MOORE, Judges, concur in the foregoing opinion.