## CHARLESTON.

FRANK M. FERRELL *et als. v.* CHARLES W. FERRELL *et als.*

(No. 5676)

Submitted April 20, 1927.   Decided May 24, 1927.

1. LIFE ESTATES—*Proceedings by Life Tenant to Sell Realty for Improvements and Infant Remaindermen's Maintenance Are Void Where no Answer is Filed (Code, c. 71, § 22, c. 83, § 3, c. 125, § 13).*

   Where a life tenant (a father) files a bill in equity seeking a money decree against infant remaindermen (his children) for improvements to their real property and for their maintenance and support, and praying that portions of said property be sold to satisfy his claim, if allowed, and no answer is filed, either by the guardian ad litem or by the remainderman, then over fourteen years of age, all proceedings thereunder are void and without effect.   (p. 705).

   (Estates, 21 C. J. § 97.)

2. SAME—*Purchasers at Void Judicial Sale of Infant Remaindermen's Property Held Not Protected by Statute (Code, c. 132, § 8).*

   Purchasers of property under decrees entered in such proceeding are not protected by virtue of Chap. 132, § 8, Code. (p. 707).

   (Estates, 21 C. J. § 97.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by Frank M. Ferrell and others against Charles W. Ferrell and others to review a previous decree.   From a decree for plaintiffs, J. O. Summers and others appeal.

*Modified and affirmed.*

*Thomas P. Ryan,* and *Hogg & Hogg,* for appellants.

*Henry S. Cato, Leo Loeb,* and *J. Blackburn Watts,* for appellees.

WOODS, JUDGE:

The appellants (claimants of certain properties under sales made to satisfy a certain decretal judgment in favor of a life tenant against infant remaindermen), having had their

respective deeds cancelled on a final disposition of a proceeding by way of bill of review instituted by said infant remainderman, now seek a reversal of said decree.

The original suit, attacked in the present bill of review, was instituted by Joel S. Ferrell, presumably in his own right as life tenant, setting up that he had been given a life estate in certain properties devised to him by his father, with the remainder over to his several infant children. The purpose of the suit, as disclosed by the bill, seems to be to obtain a money decree against the infant remainderman for (1) the amount of money expended by said life tenant over a period of thirteen years in improvements of the property of which he was life tenant and his children remaindermen; and (2) the money expended by him during this period for maintenance and support of his infant children. The bill ends with a prayer that a guardian ad litem be appointed for said infant defendants; that plaintiff may have a decree for the amounts of money expended by him in improving said property; that certain specified properties may be sold to satisfy said claim and for general relief.

A guardian ad litem was appointed, but he did not answer the bill on oath in his own proper person, nor in any other manner, for said infant defendants; nor did said infant defendants answer by guardian ad litem in any manner; nor did Charles W. Ferrell, one of said infants, though over fourteen years, answer said bill on oath in proper person, or in any other manner. A decree was entered reciting that the plaintiff had established his right to the amount of $3,000.00, and decreeing judgment against infants for said amount. A sale of one of said lots was affirmed and a deed directed to be drawn to the purchaser, in this decree. By later decrees, various other sales were approved and deeds directed. The original decree did not direct the sale of any of the infants' lands, nor did any of the subsequent decrees.

The bill of review sets out in full the entire record proceedings in the original suit, attacks the entire record proceedings as void for lack of jurisdiction of both the parties themselves and the subject matter (their land), and prays full relief by setting aside of all the decrees rendered against

them, and all deeds to their real estate, executed under those decrees, and an adjudication of their several interests in the land conveyed by said deeds. Such a bill may be maintained, and such relief obtained. Hogg's Eq, Proc. Vol. 1, 277.

In this state of the pleading we are met with the question of the court's jurisdiction in the original cause. Does the bill on its face show equitable jurisdiction either in its purpose or its subject matter? And, does the record show that the court had jurisdiction over the parties defendant?

A life tenant cannot improve the remainderman out of his estate. 17 R. C. L. 635; 21 C. J. 953, and cases there cited. And where a party has improved property without consent of the remainderman, as a general rule he cannot charge the estate with the value thereof. *Casto* v. *Kintzel,* 27 W. Va. 750; *Jones* v. *Shufflin,* 45 W. Va. 729. And, likewise, a father cannot charge his infant children for their maintenance and support. 20 R. C. L. 622; *Windon* v. *Stewart,* 43 W. Va. 711; *Taylor* v. *Railway Co.,* 41 W. Va. 704. As we view it the circuit court was without authority in the first instance to render a money decree against the infant remainderman for the amount expended on improvements or for any amount spent in their maintenance. Having no authority to pronounce a money decree, said decree is a nullity, and proceedings to satisfy same also a nullity and void. But, even if this were not so, the infants were not properly before the court. A guardian ad litem is necessary, and he must answer, together with all infants over fourteen years, under oath. Chap. 71, §22, Chap. 83, §3, and Chap. 125, §13, Code; Hogg's Eq. Proc., §§401 and 820; *Myers* v. *Myers,* 6 W. Va. 369; *Hull* v. *Hull,* 26 W. Va. 1. While a guardian ad litem was appointed in this case, he filed no answer. His acceptance must be shown by filing the answer. The appointment is equivalent to process issued, and the answer to process served, which is necessary to give the court power to decree against the infants. *Alexander* v. *Davis,* 42 W. Va. 465. Hence, they were not before the court. Purchasers at a judicial sale are not protected by §8, Chapter 132, Code, when the record shows that necessary parties interested in the property sold, having liens thereon, were not before the court when

said sale was ordered and confirmed.   *Calvert* v. *Ash,* 47 W.
Va. 480.   How much stronger the case here where the infants
are the real owners of the real estate sold!   In a proper
cause, where the infants, by their guardian ad litem, answer,
the court has jurisdiction over them and they are bound by
decrees rendered.   *Hansford* v. *Tate,* 61 W. Va. 207.   The Vir-
ginia court, in construing a similar statute regarding sale of
infant's lands, where no answer was made, stated that the
court was without jurisdiction to decree a sale of lands, and
that such decree, the sale, and all proceedings thereunder were
utterly void and without effect, and may be assailed directly
or collaterally.   Substantial compliance with the statute is
essential to the validity of the proceedings.   *Brenham* v.
*Smith,* 120 Va. 30.

It is contended that the respective interests of infant ap-
pellees and the dower of Polly S. Ferrell (widow of Joel S.
Ferrell, deceased) are not fixed.   The amended and supple-
mental bills, by proper averments, set out the quantum of
interest of the infants in the land.   This was not denied by
the appellants in their answer, and must be taken to be true.
Code, §36, Chap. 125.   The decree makes no attempt to define
the dower right of said widow, but left it open for her to
assert such right as she might have, if she chose to do so.   The
infants recognize that they hold a part of their interest,
descending to them from their deceased father, subject to
dower, whatever that may be.

Appellants further contend that the court erred in directing
the issuance of a writ of possession.   Counsel for appellees
admit, in their brief, that such writ if awarded cannot be
executed.   In view of the expressed intention of the appellees
to disclaim the use of the writ, we direct that the decree be
set aside in that respect, and that with such modification that
the decree be affirmed.

*Modified and affirmed.*