FIELDEN HENRY, *etc.*, L. GLENN HENRY, *Adm'r., etc.*
*v.* ANNARRAH MUSGRAVE *et al., Executors, etc.*

(No. 6910)

Submitted May 12, 1931.   Decided May 19, 1931.
(Rehearing denied June 10, 1931).

*Glen Hunter* and *Frank P. Corbin,* for appellants.
*John Shriver* and *Moreland & Guy,* for appellee.

MAXWELL, JUDGE:

Defendants appeal from a decree of the circuit court of Monongalia County directing sale of a tract of 69 acres of land of which John Thomas Musgrave died seized and possessed, to discharge a trust lien debt created by the said Musgrave in his lifetime.

The purpose of the suit is to settle the accounts of the personal representatives of said decedent, to ascertain the assets and liabilities of said estate and to subject the real estate to the payment of the indebtedness if necessary.   The cause

came on to be heard upon bill taken for confessed as to the adult defendants who were the widow and son of the decedent, in their own right and as executrix and executor, respectively, of the last will of the decedent, and the trustee under the deed of trust which had been executed by the decedent and his wife to secure the indebtedness mentioned; upon answer of the guardian ad litem for the two infant defendants, grandchildren of the decedent, to whom he devised the remainder in the said parcel of 69 acres of land after the expiration of the life estate therein which he devised to his widow; and upon general replication to the said answer of the guardian ad litem. Upon motion of the plaintiff the cause was referred to a commissioner in chancery with usual directions in such circumstances.

Several points of error are urged on behalf of the defendants but we deem these assignments all inconsequential save two, and they are serious.

It is familiar and fundamental law that the greatest care and exactitude must be observed by courts when dealing with the rights of infants. A bill containing allegations affecting the interests of infants cannot be taken for confessed as to them or their guardian ad litem. All such allegations must be fully proved. The procedure in this case did not conform with those high requirements.

There were two decrees of reference and two reports by the commissioner in chancery. Each decree required the commissioner before executing the order of reference to see that notice to creditors of the decedent was given by the clerk of the circuit court pursuant to requirements of section 8, chapter 86, Code 1923, and further requiring the commissioner to "give notice to all the parties to this suit of the time and place of taking the said account by publication thereof for four successive weeks in some newspaper published in this county, or by personal service of such notice on the parties or their counsel." In each report the commissioner stated that notice to creditors was given by the clerk as required, and that the commissioner gave notice to the parties to the suit, as required by the decree, by publication in a Morgantown newspaper as evidenced by certificate of publication of said notice

filed with the report as part thereof. The record shows the publisher's certificate filed with the first report and it discloses that notice was not in fact given to the guardian ad litem. Though the commissioner's second report carries the recital, as aforesaid (as did the first), that he gave notice to the parties as required by the order of reference, it cannot be assumed, in the absence of the publisher's certificate of such fact, that notice was given to the guardian ad litem, especially in the light of the certificate attending the first report disclosing absence of notice to the guardian ad litem. A guardian ad litem is appointed for the purpose of looking after the interests and welfare of the infants in the litigation involved, and, of course, where notice is to be given to the parties to the litigation it ought to be given to the guardian ad litem. Otherwise he may not be properly informed of the time and place where it is necessary for him to be present to protect the interests of his wards. The law does not warrant assumptions where infants are involved. There is no procedure in the law where higher exactitude is required.

And again, though a debt be secured by a deed of trust on real estate, it is not generally proper to permit such real estate to be subjected to sale to satisfy and discharge the lien, subsequent to the death of the obligor (grantor in the trust) until ascertainment is made whether there are personal assets of the estate of the decedent which may be applied on the debt. *Laidley* v. *Kline*, 8 W. Va. 218; *Bierne* v. *Brown*, 10 W. Va. 748, 755; *Schilb* v. *Moon*, 65 W. Va. 564. In this case there was no satisfactory proof of the supposed total absence of any personal assets of the decedent to be applied on the Henry note. John Thomas Musgrave died in 1919. The facts proven, namely, that from 1920 to 1927, inclusive, there had been no personal property assessed to his estate for taxation, and that no appraisement bill has been filed by his personal representatives showing personal property, are in no sense conclusive of the fact of non-existence of personal estate of the decedent. Under the order of reference the accounts of the personal representatives were required to be settled by the commissioner in chancery. If they did not voluntary appear for that pur-

pose they should have been required to do so. The process of the court was available to require proper report, accounting and settlement by them.

The wife of John Thomas Musgrave was a joint maker with him of the note which evidences the indebtedness aforesaid. The contention made on behalf of the infant defendants that it is improper in any event to subject the real estate of which John Thomas Musgrave died seized to the payment of said trust lien debt until ascertainment is made as to whether his widow has personal estate which might be applied on the payment of said debt is not well taken. The obligation is joint and several. A creditor cannot be required to exhaust his remedy against the living obligor before proceeding against the estate of the deceased obligor.

It follows that the decree complained of must be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*