NOAH QUEEN *v.* CHARLEY CALDWELL *et al.*

(No. 7171)

Submitted April 20, 1932. Decided April 26, 1932.

*E. F. Scaggs*, for appellants.

216

LIVELY, JUDGE:

Plaintiff's bill was filed at September Rules, 1929, against defendants, one of whom, Burel Caldwell, was described as the infant son of the other two defendants, the purpose of which was to set aside as fraudulent a deed to 25 acres of land made by Charley and Rhoda Caldwell to their infant son, Burel, dated May 1, 1929; and to sell the land for plaintiff's lien and other liens thereon. Process was duly served on all of the defendants July 31, 1929. Some time in the latter part of 1929 (part of the pleadings appear to have been lost), defendant, Charley Caldwell, answered, denying that the deed was fraudulent and averring that it was made upon a valuable consideration passing from the infant to the grantors. On May 28, 1930, the deposition of plaintiff was taken upon notice to defendants, and filed with the circuit clerk on June 30, 1930. On that day, the decree complained of was entered, which found that the deed was fraudulent as to creditors, set the deed aside and cancelled it, and directed sale of the land to discharge the lien of plaintiff's judgment. On the day this decree was entered, a guardian *ad litem* was appointed for the infant defendant, and he immediately filed a formal answer for the infant, asking the court to protect the infant's interests in the litigation. At some time before the adjournment of that term, Charley Caldwell filed a petition with the court asking that the decree be set aside because of defects in the depositions; that some of them were taken without notice (the record here contains only the deposition of Noah Queen); that there had been no guardian *ad litem* appointed for the infant until the day of the decree; and that the decree was entered at a special term without notice to petitioner or his counsel. This petition was heard on December 19, 1930, and a decree entered refusing the motion to set aside the decree of June 30, 1929, to which refusal the adult defendants and the guardian *ad litem* of the infant excepted. From these two decrees the adult and the infant, by guardian, have appealed.

The decree of sale of June 30th cannot stand as against the infant defendant who has the legal title to the land. He

has been deprived of his title without a chance to defend. It will be observed that the deed is cancelled and set aside for all purposes, and not in so far as the plaintiff is concerned. That deed is valid as between the grantors and the infant. But even as between the infant and the plaintiff, the former has had no opportunity of showing that the deed was not fraudulent and was for good and valuable consideration. The infant was not before the court until the day the decree was entered. An infant can only appear and defend by guardian *ad litem*. *Myers* v. *Myers*, 6 W. Va. 369; *Ferrell* v. *Ferrell*, 103 W. Va. 704, 138 S. E. 399. The infant, though served with process, was not legally before the court until the day the decree was entered. The depositions could not be read as against him, for he had no notice of their taking. It is true that he was before the court by formal answer of the guardian *ad litem* on the day of the decree, and proper objection to its entry should have been then made; but that defect was cured by appearance before the end of the term showing that the infant was prejudiced, and asking that the decree be set aside. It may be that the infant cannot show valuable consideration for the land, or that the deed was free of fraud, but the point is that he has been given no opportunity to do so. His answer, by guardian *ad litem*, by which his appearance was made simply asks the court to protect his interests. "It is familiar and fundamental law that the greatest care and exactitude must be observed by courts when dealing with the rights of infants. A bill containing allegations affecting the interests of infants cannot be taken for confessed as to them or their guardian *ad litem*." *Henry* v. *Musgrave*, 110 W. Va. 467, 158 S. E. 783. In the *Henry* case, just cited, it was held to be error to take evidence in a chancery cause affecting property rights of infants without proper notice to their guardian *ad litem* of the time and place of the taking of such evidence. It is quite apparent that it was error to base this decree on depositions taken before the infant was in court, and without knowledge, actual or implied, of the taking of those depositions. This error alone, if there were not others, calls for a reversal of the decree.

*Reversed and remanded.*