(No. 7356)

Submitted February 28, 1933. Decided March 7, 1933.

*L. T. Eddy* and *L. C. Musgrave,* for appellants.
*John Shriver* and *Moreland & Guy,* for appellee L. Glenn Henry, administrator.

Hatcher, Judge:

This is a continuation of the suit of *Henry, Adm'r.* v. *Musgrave et al.,* reported in 110 W. Va. 467, 158 S. E. 783, which see for details of the litigation. Suffice it to say now, this is a creditors' suit to sell real estate in the possession of a life tenant to pay the debts of the former owner (deceased).

Following our decision, the circuit court referred the cause to a commissioner to state an account, etc. He reported as liens against the real estate, *first,* the taxes (with interest) thereon due the State of West Virginia for the years 1929, 1930 and 1931; *second,* the taxes (with interest, etc.) on the real estate for the years 1925-6-7 and 8, which had been paid by the plaintiff in order to protect the lien (a deed of trust on the real estate) of his decedent; and *third,* a note of $1,000 (with interest) made by the former owner and payable to plaintiff's decedent. Exceptions were taken by the defend-

ants to the above liens, the exceptions were overruled, the report was confirmed, a sale of the real estate was directed, and the remaindermen appealed.

The appellants make the following contention: (1) The taxes were primarily the obligation of the life tenant; (2) the liability of the estate of the remaindermen for the taxes was secondary; (3) the lien of the state for taxes was primarily against the life tenant and secondarily against the estate; and therefore (4) the plaintiff, under subrogation to the lien of the state, should have subjected the life estate first, before resorting to a sale of the entire property.

Barnes' West Virginia Code 1923, chapter 29, section 54, provides: ''The person who * * * has the freehold in his possession, whether in fee or for life, shall be deemed the owner for the purpose of taxation.'' Consequently, appellants' first proposition is sound. Their second, third and fourth propositions are based on several Virginia decisions, which in turn are attributable to special statutory provisions. In 1832, the General Assembly of Virginia enacted that a sale for delinquent taxes passed ''such estate only as shall be vested in the persons charged with the taxes, for the nonpayment whereof such sale shall be made.'' See Acts (Va.) 1831-2, ch. LXXII, sec. 20. That enactment, changed somewhat in phraseology but not in meaning, has remained the law in Virginia ever since. In revising the Code of Virginia in 1887, the statute was amended as follows: ''Nothing in this section shall be so construed as to affect or divest the title of a tenant in reversion or remainder to any real estate which has been returned delinquent and sold on account of the default of the tenant for life in paying the taxes or levies assessed thereon.'' See sec. 661. That amendment verbatim has remained in the statute to the present time and with the enactment of 1832, are in Virginia Code of 1930, section 2488. The Virginia amendment of 1887 never was incorporated in the statutes of West Virginia, and the enactment of 1832 was enlarged in the West Virgina Code of 1868, chapter 31, section 25, so as to vest in the purchaser of delinquent real estate, not only the title of the person assessed with the taxes thereon, *but the title of any other thereto* who had not been charged for taxation therewith and actually paid the taxes

thereon. This enlarged conception of the title dependent upon the payment of taxes, has remained the law in West Virginia. See Barnes Code 1923, ch. 31, sec. 25. For which reason the restrictions of the Virginia statute, as reflected in the decisions of the Virginia courts, are not persuasive on us.

Barnes Code 1923, chapter 31, section 1, specifies that the lien for taxes shall be *on the real estate* assessed therewith. In so fixing the lien, the statute does not recognize any of the different estates which may attach to real property. In enforcing the lien, section 25 of chapter 31, does not except any of such estates. If the taxing power in West Virginia is not subject to such limitations, whoever becomes subrogated to the right of the taxing power is also free from them. We held in *Camden* v. *Coal Co.*, 106 W. Va. 312, 314-5, 145 S. E. 575, 576, that ''one possessed of a real or apparent interest in property who pays taxes thereon to protect it—taxes for the payment of which another is justly bound—is entitled to subrogation to the right of the taxing power.'' This is the general law. See annotation to the *Camden* case, 61 A. L. R. 587. The plaintiff's decedent had a real interest in the land involved in the instant suit; the plaintiff paid the taxes to protect the land—taxes for the payment of which the life tenant was justly bound; therefore the plaintiff is subrogated to the lien of the taxing power, *which is a lien directly on the land.*

The exception to the lien of the $1,000 note was based on inadmissible testimony of a remission of the note by the payee in his lifetime. That exception was properly overruled. Other errors are assigned which are not supported by argument or citation of authority. We are of opinion that the assignments are not well taken.

The decree of the circuit court is accordingly affirmed.

*Affirmed.*